Lydston v. Powell & wife.

*J. G. Abbott & G. A. Somerby*, for the defendants.

<hr>

## MARY J. LYDSTON *vs.* CHARLES POWELL & wife.

In an action for possession of real estate, the plaintiff put in evidence a mortgage of the premises, a deed of them to himself by the mortgagee under a power of sale in the mortgage deed, and the affidavit of the mortgagee under the Gen. Sts. *c.* 140, § 42; and the defendant put in evidence a deed of them to himself from the mortgagor, of a date subsequent to the mortgage.   *Held*, that the plaintiff's title was valid as against the defendant.

ACTION under the Gen. Sts. *c.* 137, against Charles Powell and Aymer U. Powell, his wife, to recover possession of real estate in Charlestown.

At the trial in the superior court, before *Wilkinson*, J., the plaintiff, to prove her title to the premises, put in evidence a mortgage deed thereof from Gilbert D. Cooper to John P. Nichols, dated February 14, 1866, a deed from Nichols to her, dated March 18, 1868, made in pursuance of a power of sale contained in the mortgage deed, and an affidavit of Nichols under the Gen. Sts. *c.* 140, § 42, sworn to March 20, 1868, and recorded the same day.

The defendants put in evidence a deed from Cooper to Mrs. Powell, dated September 29, 1866.

The defendants contended that upon this evidence the plaintiff had not shown a valid title, and asked the judge so to rule,

Eames &amp; another *v.* Sweetser &amp; trustee.

but the judge declined so to do, and ruled that the same was *primâ facie* evidence of legal title. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*E. G. Walker*, for the defendants.

*I. S. Morse*, for the plaintiff.

By THE COURT. The plaintiff's title under the mortgage and the sale of the premises in pursuance of the power of sale contained in it is valid as against the defendants' subsequent deed, conveying to him the equity of redemption.

*Exceptions overruled.*