Rescript Opinions.

WAYNE INVESTMENT CORPORATION vs. ETHEL ABBOTT & another.[1] March 31, 1966. The plaintiff mortgagee prevailed in the District Court, and, on appeal by the defendant mortgagors, in the Superior Court, in summary process to obtain possession of premises purchased by the plaintiff at a foreclosure sale. All of the defendants' exceptions concern the judge's rulings that the issue of the plaintiff's want of good faith when it took title at the foreclosure sale is not relevant in summary process. The judge was right. The purpose of summary process is to enable the holder of the legal title to gain possession of premises wrongfully withheld. Right to possession must be shown and legal title may be put in issue. *Sheehan Constr. Co.* v. *Dudley,* 299 Mass. 51, 53. Legal title is established in summary process by proof that the title was acquired strictly according to the power of sale provided in the mortgage; and that alone is subject to challenge. If there are other grounds to set aside the foreclosure the defendants must seek affirmative relief in equity. *New England Mut. Life Ins. Co.* v. *Wing,* 191 Mass. 192, 195, 196. The rule applies here. The issue of lack of good faith is not available to a defendant in summary process.

*Exceptions overruled.*

*Bernard P. Rome & Ernest L. Ackley, III,* for the defendants, submitted a brief.

*Thomas D. Burns* for the plaintiff.


IRENE M. TRODELLA vs. ARTHUR M. TRODELLA. March 31, 1966. This is an appeal by a husband from a decree of the Probate Court, Middlesex County, awarding alimony. The judge made a report of the material facts found by him. The evidence designated for the record on appeal is reported. See Rule 2 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 693. The husband questions the amount of the award. He also argues that not all the evidence offered at the hearing is contained in the record. The latter contention is frivolous. See *Cohen* v. *Santoianni,* 330 Mass. 187, 189–190. Nothing would be added to our jurisprudence by detailed discussion of the assertions in the appellant's brief. The reported evidence amply warranted the award made by the decree. The contents of the appellant's Federal income tax returns for the years 1960 to 1963, inclusive, which were the subject of testimony, alone would support the judge or ourselves in finding facts justifying the amount of the award. The decree is affirmed. Costs of appeal, including counsel fees, are to be in the discretion of the Probate Court.

*So ordered.*

*Marvin H. Margolies* for the appellant.
*Donald J. MacRae* for the appellee.