GEORGE D. EMERSON COMPANY *vs.* DALEY FOAM PRODUCTS, INC. December 1, 1983. *Practice, Civil,* Summary judgment.

1. The material before the judge at the time of his ruling on the plaintiff's motion for summary judgment (including the defendant's answer, its answers to interrogatories, "Exhibit 1," so called, and the affidavit of Loujean Dunbar) established as matter of law that the defendant owed the plaintiff the sums shown on Exhibit 1 and not less than $500 per month rental for the months thereafter until the defendant vacated the premises. The plaintiff has abandoned its claim for rent in excess of that sum and has agreed to a pro rata rent for the days the defendant occupied the premises in August, 1982. 2. The defendant's claim that the plaintiff broke an alleged contract to sell the premises to the defendant is, by its nature, not a defense to the claim for rent but is a separate claim, whether pursued by a counterclaim or, as here, by a separate action. See *McNamara* v. *Dorey,* 219 Mass. 151, 155 (1914); *Epstein* v. *Gurney,* 313 Mass. 255, 256 (1943). The defendant's answer and the Dunbar affidavit do not constitute an assertion that the obligation to pay rent was made contingent on the sale's being consummated but merely that payment of an acknowledged debt was deferred as an accommodation to the defendant's financial embarrassment. The judge did not err in ruling that the defendant's breach of contract claim has no bearing on the plaintiff's claim for the rent. 3. In accordance with the concessions made by the plaintiff in this court and the stipulation of the parties, the judgment is to be modified by substituting for the sum of $25,273.39 therein the sum of $22,923.39, and by recomputing interest. As so modified, the judgment is affirmed.

*So ordered.*

*Edward S. Englander* for the defendant.
*Stephen A. Moore* for the plaintiff.