CADILLAC AUTOMOBILE COMPANY OF BOSTON *vs.* ANTHONY C. STOUT (and a companion case). May 10, 1985. *Option. Contract,* Option, Sale of real estate, Performance and breach. *Notice.*

Stout's option to purchase certain real estate owned by Cadillac Automobile Company of Boston (Cadillac) stated that it was to "be exercisable by notice in writing . . . given at any time after January 1, 1983, and prior to July 1, 1983, specifying a date and hour for delivery of the deed . . . not sooner than ten (10) days nor more than (30) days after the giving of such notice." On June 27, 1983, Stout sent a registered letter purporting to exercise the option to Cadillac at an address specified in the option agreement. Due to a change in address, Cadillac did not receive the letter until after July 19, 1983, about a week after it had sent Stout a letter stating that the option had lapsed.

Stout's letter had not specified a date and hour for delivery of the deed. Instead, it gave the name, address, and telephone number of "[t]he attorney representing me in the purchase . . . and [it continued] I assume your attorney will contact him to set a date for closing, arranging for title search, etc." The Land Court judge (who, by assignment of the Chief Administrative Justice, see G. L. c. 211B, § 9, simultaneously heard Cadillac's Land Court action to remove the cloud on its title and Stout's Superior Court action for specific performance) did not err in ruling that Stout's letter was ineffective to exercise the option. The holding in *Goldstein* v. *Bettencourt,* 4 Mass. App. Ct. 788 (1976), where the optionee had similarly failed to specify (as there required) the time and place for conveyance, is in point. "The manner in which an option may be exercised is to be determined by the language of the option provision. See [1] Williston, Contracts § 61D (3d ed. 1957); 1A Corbin, Contracts § 264, at 523 (1963)." *Roberts-Neustadter Furs, Inc.* v. *Simon*, 17 Mass. App. Ct. 262, 264-265 (1983). It has been said that a person "seeking to . . . exercise option rights [must] turn his corners

squarely," *Westinghouse Bdcst. Co.* v. *New Eng. Patriots Football Club, Inc.*, 10 Mass. App. Ct. 70, 73 (1980), and that one "who stumbles in exercising an option is generally not entitled to equitable relief." *Loitherstein* v. *International Business Machs. Corp.*, 11 Mass. App. Ct. 91, 96 (1980). *Mucci* v. *Brockton Bocce Club, Inc.*, 19 Mass. App. Ct. 155, 161 (1985).

It is true, as Stout argues, that in *Gerson Realty, Inc.* v. *Casaly*, 2 Mass. App. Ct. 875 (1974), we held that a notice of exercise of an option, sent by certified mail (and apparently received) within the time agreed upon, was an effective exercise despite the fact that the language of the option called for registered mail. We cited there to a well-established line of cases treating the difference between certified and registered mail as immaterial for most purposes. The deviation in this case is not immaterial. Stout's letter imposed on Cadillac the burden of taking initiative to fix the date and time of closing; and his ambiguous letter, although capable of being read as intended to give Cadillac a unilateral power to fix the date of closing, is equally suggestive of negotiation between the two attorneys to work out an agreeable date. The letter does not in clear terms commit Stout to a closing within the specified period. Although time was not specified to be of the essence in effecting the purchase (compare *American Oil Co.* v. *Katsikas,* 1 Mass. App. Ct. 437, 439 [1973] *Limpus* v. *Armstrong*, 3 Mass. App. Ct. 19, 21 [1975]), the fixing of a closing date would nevertheless give Cadillac the power, on the date so fixed, to hold Stout to a choice between performance and breach (see 3A Corbin, Contracts § 663, at 178-181 [1960]) and thus cannot be treated as immaterial.

*Judgments affirmed.*

*Vincent F. O'Rourke, Jr.*, for Anthony C. Stout & another.
*Roger D. Turgeon* for Cadillac Automobile Company of Boston.