Fremont-Smith, J.
The issue in this case is whether defendants properly exercised their option to purchase real estate of the plaintiff, or whether the option was never validly exercised so that plaintiff remains the owner. For the reasons stated below, the Court concludes that the option was not validly exercised so that the plaintiff remains the owner of the premises.
FINDINGS OF FACT
On October 10, 1978, plaintiffs parents, Edmund L. Snay and Margaret L. Snay, both deceased, entered into an option agreement with the defendants whereby the defendants were provided with an option to purchase certain real estate of the plaintiff.
The option agreement, which was recorded in the Worcester District Registry of Deeds, Book 6584, p. 198, provided as follows:
The consideration to be paid by said party of the second part, or his assigns, shall be One ($1.00) and "4100 dollars. This option may be accepted by the said party of the second part, or his assigns, within seven (7) years from the date of this instrument, and said conveyance shall be made within 30 days after such acceptance, by a warranty deed, with full covenants and dower or courtesy release if necessary, conveying a clear title free from all incumbrances, except restrictions and utility easements of record, said party of the second part, or his assigns, giving to unto said party of the first part, ten (10) day’s notice in writing of the time and place where said conveyance shall be made and executed.
And it is agreed that if the said party of the second part, or his assigns, shall fail to accept this option, or shall, after the acceptance of this option, fail to pay the said sum of One ($1.00) and n°/ioo dollars the consideration stated above, at the time and place agreed upon and in accordance with the conditions as hereinbefore stated, he, the said party of the second part, or his assigns, shall forfeit any and all sums paid to the party of the first part, as hereinbefore stated.
By letter dated October 2, 1985, the defendants purported to exercise their option. The letter was as follows:
Dear Mr. & Mrs. Snay:
Re: Option to Sell Real Estate between you and Daniel M. Prouty and John M. Prouty, dated October 10, 1978.
In regard to said Option to Purchase Real Estate in Webster, Ma. on the easterly side of Webster *503 Road. I, as Attorney-at-Law for said Daniel M. Prouty and John M. Prouty do hereby give notice and do hereby ACCEPT SAID OPTION on behalf of both the said Proutys and do give notice to you to perform all of the conditions stated therein in said Option.
A copy of said Option is attached to and incorporated in this Acceptance.
Kindly contact this office in regard to the transfer of the property to my said clients.
Very truly yours,
Nothing further was done by anyone with regard to the option until 1988, when the plaintiff agreed to convey a portion of the premises to a contractor in return for his constructing an addition to her home. When the contractor discovered the option, however, and defendants refused to provide a release of the option, the deal fell through, resulting in inconvenience and expense to the plaintiff, for which the plaintiff seeks recovery in damages.
CONCLUSIONS OF LAW
The parties’ dispute in this case is basically one of contract interpretation, which is generally a question of law. Edmonds v. United States, 642 F.2d 877, 881 (1st Cir. 1981); Freelander v. G&K Realty Corp., 357 Mass. 512, 516 (1970); Daley v. J.F. White Contracting Co., 347 Mass. 285, 288 (1964). Where the wording of a contract is unambiguous, the contract must be enforced according to its terms. If the contract contains ambiguities, however, a question of fact for the jury must be presented. Gillentine v. McKeand, 426 F.2d 717, 721 (1st Cir. 1970); Trafton v. Custeau, 338 Mass. 305, 307-08 (1959). The determination of whether the terms of a contract are ambiguous is a question of law. Fashion House, Inc. v. K Mart Corp., 892 F.2d 1076, 1083 (1st Cir. 1989).
“The manner in which an option may be exercised is to be determined by the language of the option provision.” Roberts-Neustadter Furs Inc. v. Simon, 17 Mass.App.Ct. 262, 264 (1983), citing Williston, Contracts, §61D (3d ed. 1957). In Roberts-Neustadter Furs, a real estate lease provided for an option to purchase land and stated: “Said option shall be exercisable by notice in writing stating the date on which title shall pass.” Id. at 263. The Court distinguished between options “which require purchase within a specified period of time but make no reference to notice as a means of exercising the option” and options “which expressly state that the lessee can exercise the option by giving written notice ... In the former situation, it is the rule in Massachusetts that acceptance [of the option] can be only by tender of the specified price. Notice of intention of exercise, without tender of payment does not bind the owner to convey.” Id. at 265. The court held that the option had been properly exercised by notice alone without tender of payment, because the lease provided that the “option shall be exercisable by notice in writing stating the date on which title shall pass,” and provided a five-year period within which title could pass.
Here, the option to purchase does make “reference to notice as a means of exercising the option,” so that the defendants were not obligated to tender the purchase price with their acceptance. They were, however, expressly required to give the plaintiff “ten (10) day’s notice in writing of the time and place where conveyance shall be made and executed.” Although the option was accepted by defendants’ October 2, 1985 letter within the seven-year period, the conveyance was then required, by the options’ provisions, to be made within thirty days, i.e. on or before November 1, 1985. To obligate plaintiff to do this, however, the option further required defendants to provide plaintiff with at least “ten (10) day’s notice of the time and place where said conveyance shall be made and executed.” Thus, to permit the closing to occur no later than November 1, the notice of time and place of closing had to be provided by defendants no later than October 22, 1985.
It was not. Instead, defendants relied upon the final sentence on their October 2 letter, “kindly contact this office in regard to the transfer of the property to my said clients.” The defendants could not, however, as a legal matter, transfer this obligation to designate the time and place to the plaintiff. See Cadillac Automobile Co. of Boston v. Stout, 20 Mass.App.Ct. 906 (1985).
In Cadillac, the option required that the notice “specifly] a date and hour for delivery of the deed . . . not sooner than ten (10) days nor more than (30) days after the giving of such notice.” The option holder, however, as in this case, instead of doing this, wrote “I assume your attorney will contact him to set a date for closing . . .” The court affirmed the trial court’s ruling that the letter was ineffective to exercise the option, and concluded that the option holder’s imposition on the other party of “the burden of taking [the] initiative to fix the date and time of closing” was a material deviation from the option’s requirement of notice.
Accordingly, the Court rules that the option was never effectively exercised and has now expired.
There was no evidence that defendants had trespassed on the property, and, in order to have a valid cause of action for interference with advantageous business relations, the defendant’s conduct would have to have been intentional and willful, calculated to cause damage to the plaintiff, done with the unlawful purpose to cause such damage and without right or justifiable cause (malice). Chemewa Country Golf Inc. v. Wnuk, 9 Mass.App.Ct. 506, 509 (1980). Defendant testified that the refusal to release the option was based on his good faith belief that the option had been properly exercised, and was not motivated by any intention to unjustifiably interfere with any rights of the plaintiff, and I so find.
*504 As I find that the defendants did not act with any such malicious purpose or intent, there is no basis for any award of damages in this case, so that no further proceedings will be necessary.[1]
JUDGMENT
Judgment is hereby entered for the plaintiff on Count I of the complaint, and it is declared that the option was never effectively exercised and has expired, so that the plaintiff is the rightful owner of the property. The remaining counts of the complaint (for trespass and interference with business relations) are dismissed, and the defendants’ counterclaims are dismissed.

 Prior to trial, the court allowed a motion to bifurcate the trial of liability from that of damages.