COMPUTUNE, INC. *vs.* EDWARD D. TOCIO & another.[1]

No. 95-P-1097.

Middlesex. June 9, 1997. - March 30, 1998.

Present: KASS, SMITH, & LAURENCE, JJ.

*Real Property,* Lease, Option. *Landlord and Tenant,* Extension of lease.

A lessee gave timely written notice of its intention to renew its lease and delivered it to the correct address in a manner that did not violate the lease provisions; consequently, the lessee's subsequent exercise of an option in the lease to purchase the property for a stated price during the term of the lease was valid, and the lessee was entitled to specific performance of the agreement to sell the property. [492-494]

CIVIL ACTION commenced in the Superior Court Department on May 3, 1991.

The case was heard by *Richard S. Kelley,* J.

*David H. Gibbs* for the plaintiff.

*Richard A. Savrann* for the defendants.

SMITH, J. The plaintiff, Computune, Inc. (Computune), brought a complaint in the Superior Court against the defendants, Edward D. Tocio and Dorothy P. Tocio (referred to collectively as "Tocio"), seeking specific performance of a lease, which included a provision for an option to purchase land, and money damages. Tocio, in turn, filed a counterclaim seeking a declaration that (1) the lease was not in effect when Computune attempted to exercise its option to purchase, and (2) the lease had expired on September 15, 1988, relegating Computune to a tenant at will status as of that date. The matter was heard by a Superior Court judge, sitting without a jury. After the trial concluded, the judge issued a memorandum of decision in which he ordered judgment to issue in favor of Tocio. Computune has appealed to this court.

[1] Dorothy P. Tocio.

We summarize the judge's findings, supplemented with additional undisputed facts from the record. On August 18, 1978, Tocio as lessors and Computune as lessee entered into a lease of the land and building located at 887 Massachusetts Avenue, Arlington. Computune intended to use the property as a gasoline station and also for computerized tuneups of vehicles.

The lease provided for an initial term of five years beginning on September 15, 1978, with an option to extend the lease for five years from September 15, 1983. Thereafter, another option to renew was available for an additional five years from September 15, 1988. Pursuant to the terms of the lease, in order to exercise the option to renew, Computune had to give Tocio at least six months' written notice, prior to September 15th, of its intent to exercise the option. Further, all written notices under the lease, if intended for Tocio, were required to be sent by registered or certified mail to Tocio's address "at 19 Ingleside Road, Lexington . . . , *or to such other address as the lessors may from time to time advise in writing* . . ." (emphasis supplied). Computune exercised its option to extend the lease to 1988 without incident.

Prior to March of 1988, Computune, in response to an oral request from Tocio, sent its rental payments and other correspondence to Tocio at an address in Osterville. At no time was Computune informed that Tocio no longer had a Lexington address.

On March 14, 1988, Computune sent written notice by Federal Express to Tocio of its intent to exercise the option for a second five-year term. The notice was sent to Tocio's Lexington address. Federal Express attempted to make delivery of the letter to that address on March 14th but was unable to do so because no one was at that address to receive the letter. Federal Express returned the letter to Computune. A copy of the letter was also sent by Computune to Tocio by regular mail to the Lexington address. This letter was not returned and it was delivered in due course to Tocio but at some time after March 15th. On March 15, 1988, Computune sent a second letter, in substantially the same form as the March 14, 1988, letter, by certified mail to Tocio at the Osterville address. That letter was delivered to Tocio on March 18, 1988. Both letters to Tocio stated, "If you have any questions or comments regarding this matter, please call or write at your convenience." After receiving the notice of Computune's intention to exercise the second

option to extend the lease to 1993, Tocio did not question the appropriateness or validity of the notice; their business relationship continued as in the past.

The lease also provided Computune with an option to purchase the property at any time on or before September 15, 1993, for a purchase price of $145,000 (to be adjusted after September 15, 1983, for increases in the cost of living), "provided that the Lease is still in force."

On September 5, 1989, Computune sent written notice to Tocio of its intention to exercise the option to purchase the property. That notice was sent to the Osterville address.[2] On October 24, 1989, Computune received a letter from Tocio's lawyer. It stated that Computune's March 15, 1988, letter giving notice of its intention to exercise its option for an additional five years was not received by Tocio in Osterville until after March 15th; therefore, the lease expired as of September 14, 1988, and because the lease was not in force when Computune attempted to exercise its option to purchase, that option had expired. Computune then commenced this action.

The judge concluded that Computune failed to exercise its option to extend the lease in 1988 when it (1) failed to notify the defendants at their Osterville address, (2) failed to notify Tocio within the required time period specified in the lease, and (3) failed to notify Tocio in the manner specified in the lease. The judge also concluded that both parties had waived the provision in the lease which required that written notice be given regarding Tocio's change of address. Finally, the judge ruled that the notice exercising the option to purchase was defective because it stated the closing date would be *within* ninety days, whereas the option required that there be *at least* ninety-day notice specifying the time of closing.

On appeal, Computune argues that it properly exercised its right to extend the lease by giving timely notice to Tocio at the Lexington address, because that address had not been changed by Tocio as required by the lease. Computune also contends that even if its notice to exercise the option to purchase in 1989

---

[2]In order for Computune to exercise the option to purchase the property, the lease required that written notice be "addressed to the Lessors at their last known address." Hence, Computune sent the written notice exercising its option to purchase the property to the Osterville address. In contrast, the lease required that written notice to extend the lease be sent to the Lexington address unless that address was changed by Tocio in writing.

was not valid because of its error concerning notice for the closing date, it would have been futile to attempt to correct the notice because Tocio were determined not to allow Computune to purchase the property.

"It has been said that a person 'seeking to . . . exercise option rights [must] turn his corners squarely.' " *Cadillac Auto. Co. of Boston* v. *Stout,* 20 Mass. App. Ct. 906, 906-907 (1985), quoting from *Westinghouse Bdcst. Co.* v. *New Eng. Patriots Football Club, Inc.,* 10 Mass. App. Ct. 70, 73 (1980). Further, "one 'who stumbles in exercising an option is generally not entitled to equitable relief.' " *Cadillac Auto. Co. of Boston* v. *Stout, supra,* quoting from *Loitherstein* v. *International Business Machs. Corp.,* 11 Mass. App. Ct. 91, 96 (1980). That the holder of an option must adhere to its terms and conditions in exercising it does not, however, relieve the optionor of adherence to specific aspects of its side of the bargain. Here, the lease stated that notice to exercise the option to extend the lease must be sent to the Lexington address "or to such address as the lessors may from time to time advise in writing . . . . " There is a reason for such a clause. During a fifteen-year span (as was possible under this lease), it is foreseeable that a party to a lease may change its address and it becomes a matter of importance that parties know with precision where they should send communications of consequence. It was Tocio's obligation under the lease to give written notice of the change of address from Lexington to Osterville. Accordingly, Tocio cannot claim that Computune failed to exercise its option to extend the lease when the basis for that claim flows from Tocio's own failure to give proper notice of the change of address.

Computune's conduct in sending rent payments and other correspondence to the Osterville address did not constitute a waiver of the lease requirement that any change of address must be in writing. Sending rent payments to Osterville was a reasonable, pragmatic accommodation to a request from Tocio. That oral request did not — indeed, under the lease could not — signify abandonment of the Lexington address for formal notice purposes. We hold that in sending rent payments and other correspondence to the Osterville address, Computune did not waive its right (as set forth in the lease) to receive written notice from

Tocio of any change of address regarding where notice for exercising options to extend the lease should be sent.[3]

Tocio's argument that the notice was not timely is without merit. Delivery of the letter exercising the option to extend the lease was attempted by Computune on March 14th, within the six-month period required by the lease. The completion of the delivery was frustrated by Tocio's failure to give written notice of the designated address as required by the lease.

Further, the method by which the written notice was delivered does not result in a material violation of the lease. The written notice was delivered by Federal Express on March 14, 1988, instead of by certified or registered mail as stated in the lease. "The function of a requirement that notice be transmitted by registered mail is to provide a means of resolving disputes as to the fact of delivery of the notice." *Gerson Realty Inc.* v. *Casaly,* 2 Mass. App. Ct. 875 (1974). Delivery by Federal Express, in the circumstances present here, serves the same function and provides the same proof of delivery as certified or registered mail.

In sum, we hold that as to the written notice to extend the lease, it was delivered to the correct address, it was timely, and the manner in which it was delivered did not violate the lease.[4]

Finally, in regard to its offer to purchase the property, it would have been futile for Computune to try to correct its mistake about the closing date. It was clear from the October 24th letter from Tocio's lawyer that any efforts by Computune to pursue its purchase of the property would have been in vain. See *Trustees of the Boston & Me. Corp.* v. *Massachusetts Bay Transp. Authy.,* 367 Mass. 57, 61-62 n.2 (1975).

The judgment is vacated. A new judgment shall issue, declaring that Computune's March 14, 1988, notice of intent to extend the lease was valid and timely, and ordering Tocio to specifi-

---

[3]The judge noted that Computune had changed its address without giving written notice of the change but that act does not demonstrate waiver by Computune of the specific language in the lease concerning the option to extend the lease.

[4]Because of our decision we do not consider Computune's additional argument that Tocio were estopped from claiming that the 1988 exercise of the option to extend the lease was ineffective because Computune relied on it to its detriment, and the other argument that Tocio, by their conduct, waived the right to claim that the second option was ineffective.

cally perform the agreement to sell the property at the price stated in the lease.

*So ordered.*