Coven, J.
This is a summary process action in which a judgment for possession was entered for the plaintiff-mortgagee upon the allowance of the plaintiffs motion for summary judgment. The defendant-mortgagor filed this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal on the ground that the motion judge improperly barred its equitable defense of constructive trust.
The action arose out of a commercial relationship between the parties that began on February 28,2001. On that date, Paul Fireman (“Fireman”) and Stanton and Jeffrey Abrams (“the Abrams”) executed an operating agreement which created Golftown 207 Holding Company, LLC (“GT 207”) for the sole purpose of acquiring and managing eight driving ranges.[2] On May 25,2001, GT 207 borrowed $2,050,000 from Citizens Bank. Citizens Bank received the following as collateral: (1) the eight driving ranges purchased by GT 207, (2) a mortgage on GT 207’s driving range in Easton, MA., and (3) the personal guaranties of the Abrams. Those guaranties were secured by a mortgage on the lease of a driving range in Saugus (“the Saugus property”) which the Abrams independently controlled as *142 Golftown, Inc. (“Golftown”). The Saugus properly was not an asset of GT 207.
While serving as the operating manager of GT 207, Fireman organized and incorporated Golfeo Acquisitions, Inc. (“Golfeo”). On November 7, 2002, Golfeo purchased the GT 207 note given for the loan from Citizens Bank.[3] GT 207 thereafter failed to make a scheduled payment on the note. Golfeo sent a notice of default on the Saugus mortgage, and Golftown failed to cure the default. Golfeo then issued a notice of foreclosure to Golftown and published a foreclosure sale on the Saugus property.[4]
On March 24,2003, Golftown commenced an action in the Superior Court against Fireman. The complaint alleged, inter alia, fraud and breach of fiduciary duty. The complaint also sought a preliminary injunction against the foreclosure sale. Golf-town’s request for an injunction was denied, and its interlocutory appeal of that order to a Single Justice of the Appeals Court was denied on April 7,2003. Golftown thereafter filed a Chapter 11 Petition in Bankruptcy to stay the foreclosure, and the Petition was dismissed by the Bankruptcy Court on September 24, 2003. Golfeo issued new notices of a foreclosure sale, and Golftown responded with an “emergency” motion for a stay of foreclosure in the Superior Court. That motion was also denied, and Golftown again failed to obtain interlocutory relief from a Single Justice in the Appeals Court. Golftown then filed an “emergency” motion for approval of a lis pendens pursuant to G.Lc. 184, §15, which was denied by the Superior Court on November 17, 2003. An interlocutory appeal of that motion was denied by a Justice of the Appeals Court on November 18,2003.
At the foreclosure sale on November 18, 2003, Golfeo purchased the lease of the Saugus properly. Golftown refused to vacate the property, and Golfeo commenced this summary process action on December 1, 2003. Golftown’s answer did not challenge Golfco’s legal title. Instead, by way of affirmative defense, Golftown contested Golfco’s right to possession of the property by claiming that Golfeo held the property in constructive trust for GT 207. The argument had been unsuccessfrilly raised in the Superior Court. In allowing Golfco’s motion for summary judgment, the court ruled that it was undisputed that Golfeo had complied with statutory foreclosure requirements and that such compliance was the only relevant issue in this case. This appeal followed.
The gravamen of Golftown’s appeal is that the motion judge erred by: (1) improperly precluding it from asserting its equitable defense and/or (2) barring its equitable defense due to the existence of the related Superior Court case and any preliminary rulings in that action. Golftown argues that Metropolitan Credit Union v. Matthes, 46 Mass. App. Ct. 326 (1999) establishes a two-pronged test that must be satisfied in order to gain possession: namely, that the summary process plaintiff has legal title and that the defendant is in wrongful possession.[5] Golftown’s constructive trust argument would be applicable to that second prong. Golftown argues that the Abrams are not in wrongful possession because they are members of GT 207 for which the Saugus properly is held in constructive trust by Fireman.
*143 However, Golftown misconstrues the rule of Metropolitan Credit Union. That case relied on Wayne Inv. Corp. v. Abbott, 350 Mass. 775 (1966), in which the Supreme Judicial Court held:
All of the defendants’ exceptions concern the judge’s rulings that the issue of the [mortagee’s] want of good faith when it took title at the foreclosure sale is not relevant in summary process. The judge was right. The purpose of summary process is to enable the holder of the legal title to gain possession of premises wrongfully withheld. Right to possession must be shown and legal title may be put in issue [citation omitted]. Legal title is established in summary process by proof that the title was acquired strictly according to the power of sale provided in the mortgage; and that alone is subject to challenge [citation omitted]. The issue of lack of good faith is not available to a defendant in summary process.
Id. As stated in Wayne Inv. Corp., the right to possession is a function of legal title. Legal title and rightful possession are not two prongs of a test, but are essentially the same element in a summary process context. As a result, the only relevant issue is legal title, acquired through compliance with statutory foreclosure requirements.
In the instant case, it is undisputed that Golfeo noticed and published the foreclosure sale. Golftown sought to enjoin Golfeo from foreclosing, and that request, as well as its motions for a stay and lis pendens were denied by both the Superior Court and the Appeals Court. Golfeo purchased the mortgage at the foreclosure sale and duly recorded its foreclosure deed at the Registry of Deeds.
While equitable affirmative defenses are allowed in a summary process action, they must challenge the validity of legal title. Compare Wayne Inv. Corp. v. Abbott, supra at 775 (defense of summary process plaintiff’s lack of good faith when taking legal title is not available in summary process), with Griffin v. Cogliano, 2002 Mass. App. Div. 55, 57 (defenses related to alleged forgery or mistake in documents that vested legal title to the subject property allowed in summary process action). Golftown’s constructive trust defense, which only challenges rightful possession, must have been sought affirmatively in the Superior Court action.
Alternatively, Golftown argues that the Superior Court’s denial of its preliminary requests for injunctive and other relief had a preclusive effect on its ability to assert equitable defenses in this summary process action. However, the motion judge did consider the applicability of Golftown’s equitable defenses and decided, as we also decide, that the only defense relevant to a summary process action is one that puts legal title in issue. Wayne Inv. Corp. v. Abbott, supra at 775.
In granting Golfco’s motion for summary judgment, the judge ruled that the record failed to disclose any genuine issue of material fact regarding Golfco’s compliance with the technical requirements of the power of sale and that Golfeo was thus entitled to judgment as a matter of law. There was no error. Summary judgment is a “device to malee possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983), quoting Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). As Golfeo satisfied its burden of affirmatively demonstrating the absence of any triable issue and its entitlement to judgment as a matter of law, its summary judgment motion was properly allowed. Gesualdi v. Nunes, 2003 Mass. App. Div. 11,12. Judgment for the plaintiff is affirmed. Appeal dismissed.
So ordered.

 Fireman entered into the operating agreement via “Arnold Mullen STP.” The Abrams executed the agreement as members of Senior Tour Players 207 Management Company, LLC.

 The purchase of the note included the mortgage on the Saugus property.

 It is undisputed that Golfeo complied with G.L.c. 244, §14 in issuing the required foreclosure notices.

 Golftown contends that the following language in Metropolitan Credit Union establishes such a two-prong test: “The purpose of summary process is to enable the holder of the legal title [to real property] to gain possession of premises wrongfully withheld. Right to possession must be shown and legal title may be put in issue. Legal title is established in summary process by proof that the title was acquired strictly according to the power of sale provided in the mortgage; and that alone is subject to challenge. If there are other grounds to set aside the foreclosure the defendants must seek affirmative relief.’” Metropolitan Credit Union v. Matthes, supra at 330, quoting Wayne Inv. Corp. v. Abbott, 350 Mass. 775 (1966).