Welsh, J.
Plaintiff Helen R. Russell (“Landlord”) brought this summary process action to recover possession from defendant Salvador Ribeiro (‘Tenant”), alleging that he wrongfully held over and remained in possession of the demised premises, a restaurant in Norton called “O Nosso Casa.” The Tenant denies that he wrongfully remains in possession, claiming that he validly exercised an option to purchase contained in the lease.
The trial judge conducted an extensive hearing, concluding that the Landlord was not entitled to possession and that the Tenant could remain in possession conditioned upon payment of $2,500.00 monthly until the sale contemplated in the purchase option was consummated.
The Landlord appealed, contending that the judge erred in denying the request for possession, and in permitting the tenant to remain in possession of the premises while he arranged financing to complete the sale.
We determine that there was prejudicial error and return the case to the trial court.
A tenant who remains in possession of the leased premises after the termination of a written lease is a tenant at sufferance. Benton v. Williams, 202 Mass. 189, 192 (1909). A tenant at sufferance has no estate or title, but only a naked possession. His continued occupancy is due solely to the forbearance of the landlord. And while a tenancy at sufferance can be converted into a tenancy at will only by contract, such a contract may not only be created by formal agreement, but also inferred from the parties’ circumstances. Id. at 192.
This is a commercial usage. As such, no counterclaims are permissible. Fafard v. Lincoln Pharmacy of Milford, Inc., 439 Mass. 512, 515 (2003). While equitable affirmative defenses are permissible, they are limited to those challenging the validity of the legal title of the plaintiff. See Golfco Acquisitions, Inc. *112 v. Golftown, Inc., 2004 Mass. App. Div. 141, 143 (constructive trust defense must be sought affirmatively in Superior Court proceedings since it does not go to legal title but to possession only).
In order validly to exercise an option to purchase, strict adherence to the conditions specified in the instrument creating the option is required. Westinghouse Broadcasting Co. v. The New England Patriots Football Club, Inc., 10 Mass. App. Ct. 70, 73 (1980). A person seeking to exercise his option rights must "turn his corners squarely.” Id. Time is of the essence in the exercise of an option. Hunt v. Bassett, 269 Mass. 298, 302 (1929). Thus, Ribeiro was required to comply punctiliously or risk forfeiture of his rights under the option. Hurd v. Cormier, 358 Mass 736, 739-740 (1971).
It is obvious that neither party had the assistance of an attorney in the drafting of the lease and the option to purchase it contained. While the writing is not a model of clarity, we deem it sufficiently clear to discern the intentions of the parties. Where there have been alterations and where some of the language is not easily reconcilable with other language in the document, we read the instrument as a whole to ascertain the principal scope and purpose intended by the parties at the time of making the contract. Warren v. Merrifield, 49 Mass. (8 Met.) 93, 96 (1844). The pertinent language is as follows:
On March 1, 2004 a purchase and sales agreement must be signed with proof of bank approval by Mr. Salvador Ribeiro for the consideration of an option to purchase the property at 4, 6 and 10 Bay Road in the Town of Norton, MA 02766 for a purchase price $475,000 and other considerations. Good and sufficient deed, conveying clear and marketable title, shall be delivered on or before 12 noon April 1, 2004.[1]
If owner cannot provide perfect and clear title on or before April 1, 2004, the leasse [sic] Mr. Ribeiro, shall remain as a tenant, until owner, Helen Russell can deliver clear title and deliver deed to said buyer.
If this transaction does not take place on or before March 1,2004, due to default by Mr. Salvador Ribeiro, the owner Helen Russell will take possession of the property effective 12 Noon April 1,2004.
We construe the agreement to require that the tenant-optionee furnish written proof of financial readiness to perform the option not later than March 1, 2004. Time was clearly of the essence. As indicated, this is generally the case in options. See Hurd, supra, at 738. As to the method of exercise of the option, we look to the instrument itself. Nissan Automobiles of Marlborough, Inc. v. Glick, 62 Mass. App. Ct. 302, 310 (2004).
The Tenant had the burden of proof on the issue of financial capacity to proceed. Hurd, supra, at 738-739. The Tenant was required to tender the purchase price, or at least show himself ready, willing and able to do so by April 1, 2004. The Tenant offered a letter from a proposed lender to finance the purchase secured by a mortgage and a security interest on the premises and on other premises owned by the Tenant-optionee to the extent of $500,000.00. The letter required the Tenant to manifest acceptance in writing by February 12, 2004 or the offer would be void. The Tenant neither offered proof of his acceptance of the offer, nor otherwise demonstrated financial readiness to perform at the time stipulated for performance. Therefore, he forfeited his rights under the option.[2] The instrument unequivocally states that if an executed purchase and *113 sales agreement with proof of financial ability to perform was not provided on or before March 1, 2004, the owner was entitled to possession as of April 1, 2004.[3]
In summary, the Tenant’s right of possession terminated not later than May 1, 2004. The Tenant was not entitled to affirmative relief by way of an equitable order permitting him to remain in possession pending obtaining financing. “[0]ne who stumbles in exercising an option is generally not entitled to equitable relief.” Computune, Inc. v. Tocio, 44 Mass. App. Ct. 489. 492 (1998), quoting Cadillac Auto Co. of Boston v. Stout, 20 Mass. App. Ct. 906, 907 (1985). Summary process is wholly a statutory remedy available only in those instances permitted by statute. Cummings v. Wajda, 325 Mass. 242, 243 (1950). See George D. Emerson Co. v. Daley Foam Products, Inc., 17 Mass. App. Ct. 934 (1983) (defendant’s claim that plaintiff broke contract to sell premises to defendant is by its nature not a defense to claim for rent).
The judgment is reversed. The case is returned to the trial court for the entry of a judgment awarding the plaintiff possession of the premises, and, following a hearing, damages for use and occupancy, with credit for such sums paid on account of the prior order, and costs.
So ordered.

 In addition to the demised premises, the option included number 10, a separate parcel.

 The commitment letter was encumbered by a number of other conditions which the tenant-optionee did not show he would be able to meet. These were well beyond the routine conditions commonly found in lender’s commitment letters. Compare Meier v. Pastuisaca, 2004 Mass. App. Div. 96, 97 (commercially reasonable conditions not unduly onerous will not prevent a finding that mortgage contingency clause was satisfied)

 This stipulation is in conflict with the lease which terminated May 1,2004.