Coven, J.
After a jury-waived trial of this summary process action, judgment was entered in favor of the plaintiff-landlord for possession of the commercial premises occupied by the defendant. The defendant, proceeding pro se, appealed on the grounds that (1) the plaintiff was not the proper party to bring this action, and (2) a finding that the plaintiff violated G.L.c. 93A should have been made in the defendant’s favor.
The evidence presented at trial established that William Boddy (“Boddy”) purchased property in North Andover, Massachusetts (“the property”) in 1984, and developed the property in 1985 for commercial use. In 1986, Boddy and the defendant entered into a two-year lease and the defendant took possession of two developed units. In 1988, the Boddy Realty Trust (the ‘Trust”) was created, and Boddy sold the property to the Trust in 1990. The trust document and the quitclaim deed through which the Trust acquired the property were introduced into evidence. The defendant was not made aware of the transfer, but learned of its existence in August, 2005.
The Trust sought an increase in rent and informed the defendant of its intention to discontinue certain services. The defendant objected, and the plaintiff proceeded with this summary process action.[2]
1. As to the claim that the plaintiff was not the proper party, “ [t]he purpose of summary process is to enable the holder of the legal title [to real property] to gain possession of premises wrongfully withheld. Right to possession must be shown and legal title may be put in issue.” Metropolitan Credit Union v. Matthes, 46 Mass. App. Ct. 326, 330 (1999), quoting Wayne Inn Corp. v. Abbott, 350 Mass. 775, (1966). The burden of proof is on the party seeking possession to show superior title. Id. In this case, the plaintiff met its burden. The defendant occupied the commercial *77 premises on a month-to-month basis, not under a lease. Both the trust document and quitclaim deed through which the Trust acquired the property from Boddy were introduced into evidence. Superior title and the right to possession were clearly established.
2. The defendant’s G.L. c. 93A claim was not asserted in the trial court, and cannot be raised for the first time on this appeal. Employers Ins. of Wausau v. George, 41 Mass. App. Ct. 719, 730 (1996); Taveras v. Rodriquez, 2000 Mass. App. Div. 39, 41.
There being no error, the judgment is affirmed. Appeal dismissed.
So ordered.

 This action was filed on June 19, 2006. A prior summary process action had been filed on September 8, 2005 by the property manager, John Boddy. That action was dismissed because John Boddy was not a property party to bring the action. See LAS Collection Mgmt. v. Pagan, 447 Mass. 847, 850-851 (2006). The defendant testified that another summary process action was contemplated immediately after that dismissal, but it was not filed.