Hadley, J.
Judgment for possession and for use and occupancy was entered for the plaintiff after a jury-waived trial of this summary process action. The defendant appealed, arguing that because the plaintiff failed to establish that it had met the statutory requirements for the foreclosure sale it conducted, the plaintiff did not hold legal tide to the property that is the subject of this action and had no right to recover possession of that property.
The parties’ controversy arose out of a lending relationship that began in June, 2006, when the defendant-mortgagor, Elliot Saffran (“Saffran”), borrowed $420,000.00 from the plaintiff-mortgagee, Novastar Mortgage, Inc. (“Novastar”). In consideration of the loan, Saffran gave Novastar a mortgage on property he owned at 26 Debbie Lane in Milford (the “Premises”). Novastar was identified as the “Lender” in the mortgage, but the mortgage provided that a separate corporation, Mortgage Electronic Registration Systems, Inc. (“MERS”), was the mortgagee, “acting solely as a nominee for Lender and Lender’s successors and assigns.”
*118 At trial, Novastar introduced into evidence a copy of a foreclosure deed that had been recorded at the Worcester County registry of deeds. The foreclosure deed stated that Novastar was the present holder of a mortgage on the Premises from Saffran to MERS dated June 27,2006, and that the Premises had been conveyed to Novastar. A “Mortgagee’s Affidavit,” which was recorded with the foreclosure deed, was also introduced. It stated that Saffran had not met his obligations to Novastar; that a notice of sale of the Premises had been published in the Milford Daily News; and that the Premises had been sold at public auction to Novastar on January 7,2008 for $340,000.00. Referenced in the Mortgagee’s Affidavit, and also introduced in evidence at trial, was a copy of the notice of sale, which stated that Novastar was the present holder of the subject mortgage “by assignment” from MERS. The assignment itself was not introduced in evidence, and Saffran, the only witness to testify at trial, provided no information on the subject.
Saffran asserts that to prevail on its summary process complaint, Novastar had the burden of introducing into evidence a valid assignment from MERS to prove that the foreclosure sale was lawful. He points out that G.L.c. 244, §14, which controls foreclosure sales, provides that no sale by a mortgagee, or a person authorized by the power of sale in a mortgage, “shall be effectual to foreclose a mortgage, unless, previous to such sale, notice thereof has been published” in a newspaper.
Saffran argues that because Novastar did not produce an assignment of the mortgage from MERS back to Novastar that existed prior to November 1,2007, when the foreclosure sale was advertised, Novastar did not establish that it acquired title to the Premises lawfully in accordance with the power of sale provided in the mortgage. The trial judge did not issue a specific ruling on the issue, but obviously rejected this argument, as he awarded Novastar possession.
Saffran is correct in asserting that in summary process proceedings, a plaintiff who has purchased property at a foreclosure sale must establish his right of possession. “The legal title in those circumstances plainly may be put in issue.” Sheehan Constr. Co. v. Dudley, 299 Mass 51, 53 (1937). “Legal title is established in summary process by proof that the title was acquired strictly according to the power of sale provided in the mortgage; and that alone is subject to challenge.” Wayne Inv. Corp. v. Abbott, 350 Mass. 775 (1966).
The decisions relied upon by Saffran, in support of his position that the foreclosure sale was unlawful, are not relevant, however, to the instant case. In Bottomly v. Kabachnick, 13 Mass. App. Ct. 480 (1982), for example, the advertisement for the foreclosure sale did not state the name of the holder of the mortgage who was conducting the sale. In that circumstance, the Appeals Court held that the foreclosure sale was void as a matter of law. Similarly, in U.S. Bank Nat'l Ass’n v. Ibanez, Massachusetts Land Court Nos. 384283, 386018, 386755 (March 26, 2009), another decision cited by Saffran, it was established that the foreclosing party had acquired the mortgage ten months after the foreclosure sale, at which time the documents were assigned an effective date prior to foreclosure. Again, the foreclosure sale was found to be invalid.
In contrast, in the instant case, the notice of sale that was recorded did identify Novastar and described it as “the present holder by assignment” of the mortgage given by Saffran to MERS dated July 27,2007. It is true that Novastar did not record an assignment from MERS, but G.L.c. 244, §14 does not require that assignments of *119 mortgages be recorded. Moreover, G.L.c. 244, §15 states:
The person selling, or the attorney duly authorized by a writing or the legal guardian or conservator of such person, shall, after the sale, cause a copy of the notice and his affidavit, fully and particularly stating his acts, or the acts of his principal or ward, to be recorded in the registry of deeds for the county or district where the land lies, with a note or reference thereto on the margin of the record of the mortgage deed, if it is recorded in the same registry. If the affidavit shows that the requirements of the power of sale and of the statute have in all respects been complied with, the affidavit or a certified copy of the record thereof, shall be admitted as evidence that the power of sale was duly executed.
In addition, as noted in Lydston v. Powell, 101 Mass. 77 (1869), a mortgage deed made in pursuance of a power of sale contained in the mortgage deed and an affidavit recorded with the deed constitute prima facie evidence of legal title. Although such evidence can be challenged, in this case Saffran, once again, introduced nothing to rebut, or contradict, the recorded documents stating that Novastar was the holder of the mortgage by assignment when the Premises were advertised for sale and when the foreclosure sale took place. The trial judge’s implicit determination that Novastar established its legal title to the Premises and its right to possession was therefore correct.
Judgment affirmed.
So ordered.