Curran, Dennis J., J.
The plaintiff, Dublin Group Realty Trust, of which David Pyne is trustee, owns certain commercial property. On November 1, 2006, the defendant Interface Systems Group, Inc. entered into a five-year lease of that properly which it breached in early 2010. In July 2010, Dublin Group filed a summary process action in the district court in which it succeeded in retaking possession and recovering unpaid rent before the breach.
Dublin now brings this action against Interface, two of its principals, Brian M. Perry and Thomas Lynch, and another corporation, Spencer Technologies, Inc., which allegedly took possession of the property from Interface. This action is in nine counts: enforcement of the district court judgment against Interface (Count I); breach of lease against Interface (Count II); damage to property against Spencer (Count III); fraudulent conveyance of business assets in violation of G.L.c. 109A, §§5, 6 against Interface and Spencer (Count IV); unjust enrichment against Interface and Spencer (Counts V and VI, respectively); fraud and deceit against Perry and Lynch (Count VII); negligent misrepresentation against Perry and Lynch (Count VIII); and unfair trade acts in violation of GL.c. 93A against all the defendants (Count IX).
Interface, along with the individual defendants, Perry and Lynch, now move to dismiss the complaint under Mass.R.Civ.P. 12(b)(6)[1] and request attorneys fees and costs.[2]
For the reasons that follow, the defendants’ motion to dismiss is ALLOWED in part and DENIED in part. Their motion for an award of fees and costs is DENIED.
BACKGROUND
The allegations in the complaint and affidavits attached to the complaint are taken as true for purposes of the pending motion.
On November 1, 2006, Dublin Group leased 13 Commercial Way in Milford to Interface, a Massachusetts corporation, for a period of five years. The monthly rent was $19,728.32. Both parties performed their obligations under the lease until approximately March 1, 2010, when Interface failed to pay the rent.
In early March 2010, Lynch, Interface’s president, met with Leo Jacobs, Dublin Group’s property manager. Lynch assured Jacobs that Interface was looking for a business to succeed it in the occupancy and lease of the premises. Lynch specifically requested that Dublin Group forebear any action for summary process. Both Lynch and Perry had numerous other conversations with representatives of Dublin Group over the following months where they made assurances that Dublin Group would continue to receive rent payments and that they would recover the unpaid rent.
In May 2010, Spencer informed Dublin Group that it was considering purchasing Interface and taking over the lease. By June 1, 2010, Spencer began using the premises. It had no agreement with Dublin Group, nor did it pay any rent.
On June 2, 2010, Dublin Group served a notice to quit on Interface. On July 15, 2010, by summary action in the Milford District Court, Dublin Group was awarded judgment for possession of the premises and accumulated unpaid rent in the amount of $69,633.95. On or about July 22, 2010, Worcester County’s deputy sheriff secured the premises in compliance with the district court judgment.
Before July 22, 2010, Spencer removed certain property from the leased premises and damaged its electrical, water, and sprinkler systems.
Dublin Group filed this action on September 9, 2010.
DISCUSSION
Interface and the individual defendants now move to dismiss the action for failure to state a claim upon which relief can be granted. The individual defendants argue that the action against them fails because they cannot be held personally liable as agents of Interface. Interface argues that the action against it is barred by the doctrine of res judicata, or claim preclusion. These defendants have also requested that this court award attorneys fees and costs under G.L.c. 231, §6F.
When evaluating the sufficiency of a complaint under Mass.RCiv.P. 12(b)(6), the court accepts as true its factual allegations and draws all reasonable inferences in favor of the plaintiffs. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). The court may also consider exhibits attached to the pleadings. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). To survive a motion to dismiss, a complaint must contain factual allegations which, if true, raise a right to relief above the speculative level. Mere labels and conclusory allegations will not suffice. Rather, a complaint must allege facts “plausibly suggesting (not merely consistent with) an entitlement to relief.” Iannacchino, 451 Mass. at 636 (internal quotation marks omitted).
I. Claims Against Individual Defendants
Dublin Group has alleged three counts against the individual defendants: fraud and deceit (Count VII), negligent misrepresentation (Count VIII), and unfair trade practices in violation of G.L.c. 93A (Count IX). The individual defendants allegedly told representatives of Dublin Group that Interface would pay the back rent and find a suitable sub-lessee. The plaintiffs allege that the individual defendants knew or should have known that these representations were false and intended them to cause Dublin Group to delay forbearance of the lease. The unfair trade practices count is based upon the individual defendant’s alleged fraud, deceit, and misrepresentation.
*536 The individual defendants argue that they cannot be liable for fraud or negligent misrepresentation as agents of the corporation. This argument is misplaced. “A corporate officer is liable for torts in which he personally participated whether or not he was acting within the scope of his authority.” LaClair v. Silberline Manufacturing Co., 379 Mass. 71, 79 (1979). The individual defendants are alleged to made fraudulent statements intended to induce Dublin Group’s reliance. Whether they were acting within their scope of authority is irrelevant; they can be personally liable for torts that they personally committed.
Next, the individual defendants argue that because their allegedly fraudulent statements were forward looking, they could not be liable for fraud. It is generally true that for a statement to constitute the basis of a fraud claim, it “must be one of fact; it may not be one of opinion, or conditions to exist in the future, or matters promissory in nature.” Stolzoff v. Waste Systems International, Inc., 58 Mass.App.Ct. 747, 759 (2003). However, an action for deceit or negligent misrepresentation can be based upon a statement concerning future events if “the promisor had no intention to perform the promise at the time it was made.” Cumis Insurance Society, Inc. v. BJ’s Wholesale Club, Inc., 455 Mass. 458, 474 (2009). Here, the complaint alleges that the individual defendants knew their promises were false when made. This is not a situation where the statements expressed mere predictions; the defendants made statements about both what they and the company they represented would do. If they knew, when making the statements, that the statements were false, then the statements can serve as the basis for deceit and negligent misrepresentation claims, which in turn can serve as the basis for the plaintiffs c. 93A claim.
II. Claim Preclusion
Interface next argues that the claims against it are barred by the doctrine of claim preclusion (sometimes called res judicata or res adjudicata). Claim preclusion, as its name suggests, is an affirmative defense whereby an action cannot continue if there was a previous action between the same parties, adjudicating the same claim, with a valid, final decision on the merits. Kobrin v. Board of Registration in Medicine, 444 Mass. 837, 843 (2005). Two actions involve the same claim when they involve a common nucleus of operative facts, or “derive from the same transaction or series of connected transactions.” Baby Furniture Warehouse Store, Inc. v. Meubles D&F Ltée, 75 Mass.App.Ct. 27, 34 (2009) (internal quotation marks omitted). An action will not be barred by claim preclusion when the claims to be litigated could not be brought in the previous action; rather, claim preclusion only “bars further litigation of all matters that were or should have been adjudicated in the action.” Heacock v. Heacock, 402 Mass. 21, 23 (1988).
Here, Interface argues the district court summary process action precludes the current superior court action. It is undisputed that the district court summary process action reached a final judgment on the merits and involved the same parties. At issue is whether, as Interface suggests, all of the plaintiffs current claims should have been brought in the summary process action.
Summary process is a creation of statute, G.L.c. 239. Its purpose “is to enable the holder of the legal title to gain possession of premises wrongfully withheld.” Wayne Investment Corp. v. Abbott, 350 Mass. 775, 775 (1966). A person who has legal title to land but does not possess it may bring a summary process action to regain possession. G.L.c. 239, §2. While there are no express limits on the scope of a summary process action, the Legislature has stated that “(f]ail-ure to claim rent and use and occupation in said action shall not bar a subsequent action therefor.” Id.
Interface argues that all of Dublin Group’s claim should have been brought in the district court action. The purpose of summary process is to efficiently determine the proper possessor of land. While an owner who wishes to litigate other claims may do so, such is not required. In fact, the statute itself allows other actions for rent to proceed subsequent to the summary process action. G.L.c. 239, §2. For example, a summary process defendant may not bring a counterclaim in the same action. Fafard v. Lincoln Pharmacy of Milford, 439 Mass. 512, 516-17 (2003). A valid and final summary process judgment between the same parties dealing with the same property does not bar future actions unless the second action seeks to relitigate a claim resolved in the prior action. See Bui v. Ma, 62 Mass.App.Ct. 553, 562-63 (2004) (barring litigation of claims that were within the scope of a previous summary process action under a theory of claim preclusion). Here, the district court summary process action adjudicated two issues: whether Dublin Group was permitted to repossess the premises and the amount of back rent owed by Interface to Dublin Group.
With this legal principle in mind, each of the plaintiffs counts will be analyzed seriatim.
A. Action to Enforce District Court Judgment
In Count I, Dublin Group seeks to enforce the district court judgment against Interface. Such an action is permitted by G.L.c. 235, §14(b). Although Dublin Group could equally seek a writ of execution of the judgment in the district court, claim preclusion does not bar it from seeking to enforce the judgment in this court.
B. Breach of Lease for Future Unpaid Rent
In Count II, Dublin Group seeks damages for future unpaid rent based on a theory of breach of the lease. As discussed above, G.L.c. 239, §2, allows subsequent actions to claim rent when not raised in a summary *537 process action. The statute makes no distinction between past and future rents, and therefore, this present claim for future unpaid rent is permissible.
Additionally, an action for unpaid future rent could not have been brought at the time of the summary process action. After a lease is terminated, a lessor cannot reclaim future unpaid rent without making a good faith effort to re-let the premises. Krasne v. Tedeschi & Grasso, 436 Mass. 103, 109 (2001). Dublin Group was in no position to attempt to relet the property while Interface remained in possession of it, and therefore, this count is likewise not barred by claim preclusion.
C.Fraudulent Conveyance of Business Assets
In Count IV, Dublin Group alleges that Interface violated G.L.c. 109A, §§5, 6 by fraudulently transferring its assets to Spencer after Dublin Group began attempting to collect back rent. This claim involves transactions between Interface and Spencer and goes beyond the common nucleus of operative facts that comprised the summary process action. Therefore, it is not barred by claim preclusion.
D.Unjust Enrichment
Count V alleges that Interface was unjustly enriched by maintaining its tenancy without paying rent. The value of this tenancy was adjudicated by the district court in the summary process action. There, Dublin Group requested an award of payment of unpaid rent only, and did not raise any claim of unjust enrichment. If the value of the tenancy over that period exceeded the unpaid rent, Dublin Group should have raised the issue with the District Court. Instead, it claimed that the value of the tenancy was the unpaid rent. Allowing Interface to bring a claim for unjust enrichment for that period would be giving it a second bite at the proverbial apple. Therefore, Count V is barred by the doctrine of claim preclusion and must be dismissed.
E.Unfair Trade Acts Violating G.L.c. 93A
Dublin Group alleges that Interface committed unfair trade acts in violation of G.L.c. 93A in Count IX. Specifically, the complaint alleges that “(t]he allegations set forth in this Complaint above, describing unjust enrichment, fraud, deceit and misrepresentation, constitute unfair and/or deceptive practices.” Complaint, par. 53. By its own terms, the c. 93A claim as against Interface relies only on unjust enrichment. Because claims of unjust enrichment during the tenancy while Interface did not pay rent should have been brought in the district court action, and because Interface is not alleged to have committed other unfair and deceptive trade acts, Count IX is also barred by claim preclusion.
III. Attorneys Fees
Interface and the individual defendants also ask for attorneys fees and costs under G.L.c. 231, §6F. As is evident from the rulings above, Dublin Group’s action is not wholly insubstantial, frivolous, or in bad faith. An award of attorneys fees is inappropriate.
ORDER
For the foregoing reasons, the defendant Interface System Group, Inc.’s motion to dismiss Counts V and IX against it is ALLOWED. The remainder of its motion and the motion on behalf of defendants Brian M. Peny and Thomas Lynch are DENIED, as are their requests for attorneys fees and costs.

The defendants, through counsel, originally filed an eleven-page motion and twenty-one-page supportive memorandum, for a total of 32 pages of briefing, on a motion it described as “. . . extremely simplistic.” (See page 1 of Interface’s memorandum.) Because the defendants’ submissions violated the twenty-page limit imposed by Mass.Sup.Ct.R. 9A(a)(5), this court struck the submissions and ordered that they be refiled in compliance with the Rule. Although the memorandum of law is substantially the same, the defendant has now added an argument based on Fyne’s deposition. Because the original motion was submitted pursuant to Mass.Sup.Ct.R. 9A(b), and the plaintiff has not had an opportunity to respond to this additional material, the court will not consider it. Regardless, the new submission has no bearing on the court’s determination, as it is bound to consider the facts as pled in the complaint in the light most favorable to the plaintiff.

Spencer is not a party to the current motion.