MILTON B. WHITNEY *vs.* HENRY DART.

Hampden. Jan. 18. — Feb. 1, 1875. AMES & ENDICOTT, JJ., absent.

The owner of land conveyed it to her married daughter reserving a life estate therein to herself. The wife subsequently left her husband, who lived with the grantor on the land. After the death of the grantor, the husband refused to surrender the estate to the wife's lessee, who brought an action on the Gen. Sts. *c.* 137, to recover possession. *Held,* that the action could not be maintained.

ACTION on the Gen. Sts. *c.* 137, to recover possession of a house and land in Westfield, alleged to be held by the defendant unlawfully and against the right of the plaintiff. Trial in the Superior Court before *Rockwell,* J., who after verdict for the plaintiff reported the case for the consideration of this court in substance as follows:

The plaintiff claimed title under a lease for one year from Elizabeth A. Dart, the wife of the defendant, who testified that several years before the bringing of this action, she and her husband and his mother, Miranda Dart, who was then the owner of the real estate, were living together upon it, and that they then made an agreement that Miranda should give the property to Elizabeth, that they should all live together upon it as long as she lived, and that the defendant and the witness should furnish her a comfortable support there, during her life; that, in pursuance of this agreement, Miranda executed and delivered the deed under which the witness claimed title, which was a common warranty deed, to her sole and separate use, with a reservation of an estate for life to Miranda; that afterwards they continued to live together on the premises until she, the witness, was driven away by the defendant's cruelty, when she obtained from him a divorce from bed and board, for that cause; that after she left her husband, he and his mother continued to live together on the place as before, until the death of the mother, which occurred some two years later; that after her death, the defendant refused to give the witness possession of the place, and told her she should never have it; that at one time, she sent persons to the house to take possession of it for her, that they were admitted by his house-keeper in his absence, and while the house-keeper was at work in the kitchen, they began to remove the furniture in other parts of the house,

and while they were so engaged, the defendant came home and used such threatening language, that they desisted from their work and went away ; and that afterward she made the lease to the plaintiff. The defendant, for the purposes of the trial, did not controvert the testimony in the case, but asked the judge to rule, that the facts testified did not maintain the issue for the plaintiff. The judge declined so to rule ; but ruled that these facts, if believed, would entitle the plaintiff to recover, and, inasmuch as they were not disputed, directed the jury to render a verdict accordingly.

This case is reported by consent of parties for decision of the question of law involved. If the ruling is correct, the verdict is to stand ; otherwise judgment is to be entered for the defendant, or such other disposition made of the case as law and justice may require.

*M. B. Whitney, pro se.*

*G. M. Stearns & M. P. Knowlton,* for the defendant.

DEVENS, J. As there was no evidence of any forcible entry or detainer, if the present proceeding under the Gen. Sts. c. 137, is to be maintained, it must be upon the ground that the defendant occupied the relation of tenant to the plaintiff's grantor, or that such grantor was in privity of estate with the lessor of the defendant. *Howard* v. *Merriam,* 5 Cush. 563.

The report finds that Miranda Dart had in these premises an estate for life while the remainder was owned by the plaintiff's grantor, Elizabeth A. Dart ; that the defendant occupied the premises with Miranda during her life, and since her decease has insisted on keeping possession of them. No tenancy under the plaintiff's grantor is shown, and there is no possession to be restored by the defendant, as the possession which he retains was acquired under one who held a different and distinct estate in the land. While the process is not limited to the lessor alone, but may be maintained by an alienee to whom the lessor has since the demise conveyed his estate, it proceeds always upon the ground that the defendant has obtained his possession from some one with whom the plaintiff is in privity. The estates of Miranda and Elizabeth A. Dart were independent, although both were created originally by the deed of Miranda, and the possession which the defendant obtained under Miranda gave no right

to the plaintiff or his grantor to deal with him in the summary mode provided in favor of a landlord against a tenant wrongfully holding over.

We are therefore of opinion that the learned judge erred in directing a verdict for the plaintiff, and by the terms of the report there must be                           _Judgment for the defendant._