SETH TWICHELL *vs.* MARY McNABB.

Worcester.   November 15, 1898. — January 5, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Use and Occupation — Action — Defence — Termination of Tenancy<br>— Husband and Wife.*

A married woman, in an action against her for use and occupation of a tenement, has no ground of exception to a refusal to rule that the tenancy created by a prior agreement between the plaintiff and the defendant's husband must terminate and cease, either by an eviction or by the husband's vacating the premises, and that if he was not evicted and did not vacate he was in possession, and the plaintiff could not recover.

CONTRACT, for use and occupation of a tenement from January 1, 1894, to January 1, 1897. Trial in the Superior Court, before *Hopkins,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiff testified that, in May, 1892, John McNabb, husband of the defendant, hired of him the tenement by a verbal contract at a rental of ten dollars per month, and that McNabb with the defendant and their children entered into occupation and continued the same until September, 1893, when McNabb ceased to be the plaintiff's tenant; that the rent was in arrears, and the tenancy of McNabb was for that and other reasons unsatisfactory to the plaintiff; that the plaintiff then went to the tenement and had a conversation with the defendant, in which he stated that he was not getting his rent, and that for this and

other reasons he was not satisfied, and that they must move out of the house; that the defendant then agreed with the plaintiff to hire the house from that date, paying eight dollars per month until spring and ten dollars per month afterward, and that the plaintiff then agreed to rent the house to the defendant upon these terms. The plaintiff further testified that the defendant with her husband and children thereafter continued to occupy the tenement during the time alleged in the plaintiff's declaration; that from September, 1893, the rent bills were made to the defendant, and certain receipted rent bills in the name of the defendant, covering the first portion of the time after September, 1893, were produced by the defendant.

These bills were a printed form, with a blank space for the name and month and for signature, and were written in pencil to Mrs. John McNabb. The rent bills prior to September, 1893, were made to Mr. John McNabb, and were of like form.

The defendant denied that there was any such conversation or agreement between her and the plaintiff.

There was no evidence that the husband had any actual knowledge of the agreement between his wife and the plaintiff, or of any change in the occupancy of the premises except such as might be inferred from the fact that he was the husband of the defendant, and that the receipted rent bills in her name were produced from the possession of the defendant; and nothing was ever said by the plaintiff to John McNabb concerning any change in the tenancy of the premises.

It also appeared in evidence that, prior to September, 1893, all payments of rent, except two or three times, had been made by the defendant, and the receipts therefor taken in her husband's name; and that McNabb left the money with her to make the payments.

The defendant requested the judge to instruct the jury that the tenancy created by the agreement between the plaintiff and John McNabb must terminate and cease, either by an eviction or by his vacating the premises, and that if he was not evicted and did not vacate, he was in possession, and the plaintiff could not recover.

The judge declined to give this instruction, and gave certain instructions not excepted to.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. H. McMahon*, for the defendant.

*C. F. Baker & W. P. Hall*, for the plaintiff.

LATHROP, J.    The only exception in this case is to the refusal of the judge to rule that the tenancy created by the agreement between the plaintiff and John McNabb must terminate and cease, either by an eviction or by his vacating the premises, and that if he was not evicted and did not vacate, he was in possession, and the plaintiff could not recover.

The same defence, that there must be a termination of the tenancy of the husband before there could arise a tenancy of the wife, was made without success in *Rogers* v. *Coy*, 164 Mass. 391. As was said in that case: "The action, however, does not depend on privity of estate, but on contract, express or implied, between the landlord and tenant, and occupation, actual or constructive, by the latter."                              *Exceptions overruled.*