DORA RATNER & another *vs.* THOMAS HOGAN.

Middlesex.    December 5, 1924. — January 29, 1925.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Executor and Administrator,* License to sell real estate. *Probate Court,* Appeal, Decree. *Summary Process. Landlord and Tenant,* Existence of relation. *Practice, Civil,* Ordering verdict.

An appeal, by one interested as a creditor in the estate of a deceased person, from a decree by a probate court giving the administrator of the estate license to sell real estate formerly owned by the deceased, if filed within twenty days of the decree, vacates the decree, and a deed by the administrator in accordance with the decree is invalid even if an order of this court has directed that the appeal be "discharged without prejudice," if no further action thereafter is taken in the Probate Court.

In order to maintain an action of summary process under the provisions of G. L. c. 239, § 1, it is essential that there should be proof of the relation of lessor and lessee, or of landlord and tenant, between the plaintiff and the defendant or between the occupant and a person through whom or under whom the plaintiff claims; and that the tenancy previously subsisting had been terminated.

Evidence, offered at the trial of an action of summary process under G. L. c. 239, § 1, by two women against a man, who, with his wife, was in possession of the premises in question, to establish the fact, indispens-

able to the maintenance of the action, of a tenancy between the plaintiffs and the defendant, tended merely to show that the husband of one of the plaintiffs on a single occasion made a demand of the wife of the defendant in the defendant's absence and received from her $32 as one month's rent, for which he gave a receipt acknowledging in his own name that he received the rent from the defendant's wife, using her name, and directing that the premises be vacated at the end of the period covered by the rent; that he then told the defendant's wife that he had bought the property and wanted to have it himself, and that, if she would move out before the date named in the receipt, he would give her back "as much as it is as you move out ahead of time"; that she replied, "yes, as soon as I find a flat I will move out"; that later the defendant notified one of the plaintiffs by letter in substance that the premises in question were the property of his wife, and warned the plaintiff "to refrain from trespassing on the same." Other than may be inferred from the existence of the relationship of husband and wife, there was no evidence that the defendant had knowledge that his wife paid any money as rent to the husband of one of the plaintiffs. There was no evidence that, in making the payment she did make, the defendant's wife purported to act as agent for the defendant. *Held,* that there was no evidence of a tenancy between the plaintiffs and the defendant sufficient to warrant the taking of the case from the jury and directing a verdict for the plaintiffs.

SUMMARY PROCESS for the possession of six rooms on the second floor of the house numbered 326 on Concord Avenue in Cambridge, which the plaintiffs alleged the defendant held unlawfully and against the plaintiffs' right. Writ dated October 20, 1923.

On appeal to the Superior Court, the action was tried before *Lawton,* J. Material evidence is described in the opinion. By order of the judge, a verdict was returned for the plaintiffs. The defendant alleged exceptions.

*C. G. Morgan,* for the defendant.

*A. D. Epstein,* (*P. J. Aronson* with him,) for the plaintiffs.

PIERCE, J. This is an action under G. L. c. 239, § 1, by an alleged landlord, to recover possession of certain premises in Cambridge in the possession of the defendant. The plaintiffs claim title to the premises under a deed dated July 16, 1923, given by Gertrude L. Pyle in her capacity as administratrix of the estate of Reginald T. Pyle, under a license of the Probate Court of the county of Suffolk, dated July 3, 1923. Within twenty days after the entry of the decree of the Probate Court authorizing the sale of the

premises, on July 21, 1923, one Mary C. Hogan, claiming to be a creditor of the deceased Reginald T. Pyle, as also " a joint owner in common" of the premises licensed to be sold as of the estate of Reginald T. Pyle, filed in the Probate Court a notice of an appeal to the Supreme Judicial Court. The appeal was " discharged without prejudice " by the full court on November 19, 1923. No action in the Probate Court has since been taken on the petition for a license to sell the premises for the payment of debts and charges of administration. The appeal stayed the decree granting the license, G. L. c. 215, § 22, and all action under it is void unless the decree be affirmed. G. L. c. 215, § 29. *Stone* v. *Duffy,* 219 Mass. 178. It follows that the deed of the administratrix to the plaintiffs, dated July 16, 1923, is invalid, and, upon the facts disclosed in the record, it further follows that the plaintiffs by reason of the deed have no title or right to possession in the premises occupied by the defendant and his wife. *Daley* v. *Francis,* 153 Mass. 8.

To recover the possession of real estate under the provisions of G. L. c. 239, § 1, it is essential that there should be proof of the relation of lessor and lessee, or of landlord and tenant, between the plaintiff and defendant or between the occupant and a person through whom or under whom the plaintiff claims; and that the tenancy previously subsisting had been terminated. *Hildreth* v. *Conant,* 10 Met. 298, 302. *Howard* v. *Merriam,* 5 Cush. 563, 567, 583, 584. *Marsters* v. *Cling,* 163 Mass. 477. In the case at bar there is no evidence that such relation ever existed between the intestate, Reginald T. Pyle, and the defendant or his wife. When this action was brought the plaintiffs therefore were required to prove by a contract express or implied that such a relation existed between themselves and the defendant.

The evidence at the trial, offered to establish the indispensable fact of a tenancy between the plaintiffs and the defendant, in substance is that the husband of one of the plaintiffs on July 16, 1923, demanded of the wife of the defendant, in his absence, and received of her $32 as one month's rent of the premises and gave her a receipt reading as follows:

" July 13, 1923.

Received of Mrs. Hogan thirty ($32) for rent up to Aug. 13th, 1923, in 326 Concord Avenue, Cambridge.

By L. Ratner

Kindly vacate flat by Aug. 13, 1923."

Subject to the exception of the defendant, the husband, L. Ratner, testified concerning the payment of the money and the giving of the receipt as follows: " A.   When I came over there to collect the rent, it was the sixteenth of July, nineteen twenty-three, and I came over and I met there Mrs. Hogan, and she gives me the money, thirty-two dollars, which I bring her the receipt, I tell her I bought this property and want to have it myself as soon as you move, even if you move out before the thirteenth then I will give you back as much as it is as you move out ahead of time, she said, ' Mr. Ratner, yes, as soon as I find a flat I will move out.' — Q. That was the entire conversation at that time? A. That is all."

August 8, 1923, the defendant notified the plaintiff Dora Ratner, by letter, in substance that the premises in question were the property of his wife, and warned the plaintiff " to refrain from trespassing on the same."   Other than may be inferred from the fact that the defendant was the husband of Mrs. Hogan, there is no evidence that he had knowledge that Mrs. Hogan paid any money as rent to the husband of one of the plaintiffs.   And there is no evidence that, in making the payment she did make, she purported to act as agent for the defendant.   In these circumstances it properly might have been ruled that there was evidence for the jury of a tenancy between Mrs. Hogan and the plaintiffs, beginning July 16, 1923.   *Twichell* v. *McNabb,* 172 Mass. 329.   *Rogers* v. *Coy,* 164 Mass. 391.   *Jones* v. *Donnelly,* 221 Mass. 213. But there was no sufficient evidence of a tenancy between the plaintiffs and the defendant to warrant the taking of the case from the jury and directing a verdict for the plaintiffs.

*Exceptions sustained.*