Cummings *v.* Wajda.

---

JOHN O. CUMMINGS *vs.* ROSE WAJDA.

Essex.     November 10, 1949. — February 2, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Summary Process. Tenants by the Entirety. Real Property,* Tenancy by
    the entirety.

A lessee under a lease given by a husband of real estate owned by him
    and his wife as tenants by the entirety and occupied by the wife could
    not maintain an action of summary process under G. L. (Ter. Ed.)
    c. 239, § 1, as amended by St. 1941, c. 242, § 1, to recover possession
    of the real estate from the wife.

SUMMARY PROCESS. Writ in the Second District Court
of Essex dated January 5, 1949.

Upon appeal to the Superior Court, the action was heard by *Sullivan*, J., who reported it to this court.

*G. Karelitz*, (*J. S. Cohen* with him,) for the defendant.

*F. C. Zacharer*, for the plaintiff.

QUA, C.J.   This action of summary process was brought in a District Court under G. L. (Ter. Ed.) c. 239, § 1, as amended by St. 1941, c. 242, § 1, to recover possession of a house and garage in Amesbury. From a judgment for the plaintiff the defendant "duly" appealed to the Superior Court, which reported the case without decision upon a case stated.

In 1940 the defendant and her husband, Frank Wajda, acquired the title by deed "as joint tenants." This made them tenants by the entirety. *Hoag* v. *Hoag*, 213 Mass. 50. *Pineo* v. *White*, 320 Mass. 487, 490. Trouble having subsequently arisen between husband and wife, both left the premises in 1947, but the defendant returned without the husband and is still in occupancy. In 1948 the husband leased the premises to the plaintiff.

Summary process is a purely statutory procedure and can be maintained only in the instances specifically provided for in the statute. *Dayton* v. *Brannelly*, 255 Mass. 551, 552. Those instances are where there has been "a forcible entry," where there has been "a peaceable entry" and "possession is unlawfully held by force," where a "lessee" or a "person holding under him" holds possession without right after determination of the lease, where a mortgage or a tax title has been foreclosed, and (with certain qualifications) where a title has been registered. None of these things has happened. The defendant is not a "lessee" and does not hold under a "lessee." *Howard* v. *Merriam*, 5 Cush. 563, 567. *Ratner* v. *Hogan*, 251 Mass. 163, 165. She is a joint owner in possession. Whatever may be the rights of her husband's lessee, they do not include the right to maintain this action. There is nothing to the contrary in *Pray* v. *Stebbins*, 141 Mass. 219, in *Snider* v. *Deban*, 249 Mass. 59, or in any of the cases cited by the plaintiff.

*Judgment for the defendant.*