STEPHEN MISKOLCZI *vs.* DANIEL R. WILSON, JR. & another. March 30, 1978. The defendant tenants appeal from a Superior Court judgment in favor of the plaintiff landlord in this summary process action in the amount of $180 for two months' rent, the amount claimed by the plaintiff to be due.[1] The tenants alleged that the premises were maintained in violation of the standards of fitness for human habitation established by Article II of the State Sanitary Code and that some or all of the violations endangered or materially impaired their health and safety. The judge made no findings of fact. There was testimony concerning certain claimed violations which was contradictory, but as to others, namely, loose and falling plaster, a hole in the bathroom floor, inadequate electrical outlets, exposed electrical wiring and peeling paint, there was testimony by the inspector of public health of Greenfield and Mrs. Wilson which was confirmed by the plaintiff's own testimony. While the judge may have disbelieved parts of the testimony, we doubt that he disbelieved all of it as to the existence of those defects. The evidence warranted (if it did not require) findings of material breaches of the landlord's implied warranty of habitability. *Boston Housing Authy.* v. *Hemingway*, 363 Mass. 184 (1973). *McKenna* v. *Begin*, 3 Mass. App. Ct. 168 (1975). However, as we have no findings as to the extent of the defects or their effects on the rental value, we shall remand the case to the Superior Court for findings and the entry of a new judgment. The amount, if any, that the landlord should be awarded for rent should be adjusted by any difference between the fair rental value of the premises as warranted to be habitable and the fair rental value of the premises in their condition as found

---

[1] A judgment for possession was mooted when the defendants vacated the premises after a District Court hearing.

by the judge. *McKenna* v. *Begin, supra* at 174. Judgment cannot, however, result in an award of damages in favor of the tenants, as they made no counterclaim for damages. The judgment is reversed, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.

*So ordered.*

*Victoria Pulos* (*James Bisceglia* with her) for the defendants.
*Sebastian J. Ruggeri*, for the plaintiff, submitted a brief.