Toomey, J.
Defendants brought this action to appeal an adverse decision of the District Court on plaintiffs action in summary process for possession and rent. Defendants Melinda Fontaine-Kirkpatrick and Douglas M. Kirkpatrick (the “Kirkpatricks”), guarantors under the subject leases, now move to dismiss the complaint against them arguing lack of subject matter jurisdiction. Plaintiff has also moved for summary judgment arguing that the District Court decision is prima facie evidence in this case. For the following reasons, both motions are DENIED.
BACKGROUND
The following facts are agreed upon by the parties.
On October 25, 1991, plaintiff, as lessor, and defendant, Angels in the Attic, Inc. (“Angels”), through its President, Melinda Kirkpatrick, as lessee, executed a lease for a portion of the property located at 204 Turnpike Road, Westborough. On December 24, 1992, plaintiff, as lessor, and defendant Angels, through its Vice-President, Douglas M. Kirkpatrick, as lessee, executed a lease for the remainder of the property located at 204 Turnpike Road, Westborough. The Kirkpatricks signed as guarantors on both leases. Sometime after February, 1994, defendant Angels failed to pay the required rent under the leases.
DISCUSSION
1. The Kirkpatricks’ Motion to Dismiss
The Kirkpatricks argue that plaintiffs claims against them must be dismissed for lack of subject matter jurisdiction. They contend that G.L.c. 239, §1 does not allow claims against lease guarantors to be pursued in a summary process action.
Defendants cite Cummings v. Wajda, 325 Mass. 242 (1950), and Whitney v. Dart, 117 Mass. 153 (1875), for the proposition that the subject matter jurisdiction of a court before which a G.L.c. 239, §1 has been placed must be strictly construed. We note, as an initial matter, that both cases dealt with situations which were not covered under the statute; Cummings addressed a suit by a lessee against a tenant by the entirely in possession, while Whitney concerned a claim by a remainderman against the heir of a life tenant. Cummings v. Wajda, 325 Mass. 242 (1950); Whitney v. Dart, 117 Mass. 153 (1875). The Supreme Judicial Court held that neither claim was contemplated by the statute. The instant case, however, involving a claim of a lessor against a lessee, is specifically addressed in G.L.c. 239, §1, and the precedent cited by defendants are inapposite. Accordingly, this court may entertain, in the instant summary process action, the dispute between lessor and lessee.
Defendants’ more telling argument, then, is not that plaintiffs cannot bring a summary process action, but, rather, that they cannot join the Kirkpatricks as party defendants. Rule 1 of the Uniform Summary Process Rules provides that procedures not covered within the Uniform Rules are to be governed by the Massachusetts Rules of Civil Procedure to the extent that they are not inconsistent with the Uniform Rules or statutory law. The Uniform Rules do not regulate joinder of parties, and accordingly, the propriety of such joinder is, according to Rule 1, to be determined by reference to Rules 18 through 22 of the Civil Rules. And, under Civil Rule 20(a), plaintiff may clearly join the Kirkpat-ricks to this action.
This court has found no statute or Uniform Rule, and none has been presented by the parties, which might suggest that allowing joinder of defendants, as permitted by the Civil Rules, would be inconsistent with the statutory scheme of summary process. To the *274 contrary, allowing such joinder would secure a “just, speedy, and inexpensive determination” of the summary process action and prevent a duplicity of suits. Unif.R.Summ.Proc. 1.
The Kirkpatricks argue specifically that joinder of guarantors qua defendants is prohibited as guarantors have no right to possession. While it is true that a summary process action must include a count for possession, the action may also seek payment of rent due. G.L.c. 293, §2. Although the Kirkpatricks clearly are not entitled to possession under the lease in their individual capacities, it is equally clear that the lease imposes a burden of rent on them. It logically follows that, because the lease obliges them to pay rent, the Kirkpatricks may be joined as parties defendant in a summary process action for that rent.[2] Defendants’ motion to dismiss is, accordingly, lacking in merit.
2. Plaintiffs Motion for Summary Judgment:
Plaintiff argues that it is entitled to summary judgment and cites the prima facie effect, under G.L.c 231, §Í02C, of the District Court judgment. G.L.c. 231, §102C does not, however, apply to the appeal of a summary process action from District Court. Such appeals are governed by G.L.c. 231, §97. Dwyer v. Piccicuto, 25 Mass.App.Ct. 910, 911 (1987); G.L.c. 231, §97. The District Court judgment does not, therefore, have any evidentiary value in this appeal. G.L.c. 231, §97.
Additionally, defendants have submitted affidavits which raise genuine issues of material fact as to whether the leases were entered into as a result of material misrepresentation by the plaintiffs agent, whether the guaranties of the Kirkpatricks were procured by fraud, and whether plaintiff breached the provisions of the lease.[3] Consequently, on this record, summary judgment is wholly inappropriate.
ORDER
For the foregoing reasons, the Kirkpatricks’ Motion to Dismiss, Motion for Leave of Court to File the Affidavit of Daniel Ford Late, and Plaintiffs Motion for Summary Judgment and Motion to Strike the Affidavits of Douglas M. Kirkpatrick and Melinda Fontaine-Kirkpatrick and Motion for Fees are DENIED.

The court also notes that, although plaintiffs claim of possession has become moot, he is still entitled to proceed, in summary process, for the rent due. Miskolczi v. Wilson, 6 Mass.App.Ct. 861 (1978).

Plaintiff moves to strike most of the affidavit of Douglas Kirkpatrick and the full affidavit of Melinda Fontaine-Kirk-patrick. Ms. Fontaine-Kirkpatrick’s affidavit was inadvertently signed by her husband, but this oversight has been corrected. The court recognizes that a minor portion of the affidavits are made upon “information and belief’ and resemble argument rather than factual averment. The court also recognizes that a meritorious argument of inadmissibility may be made concerning a handful of the averments. The presence of such statements in a Rule 56 affidavit is inappropriate. Given the fact that Defense counsel has failed to specifically address each averment, but rather has addressed this court to numerous paragraphs with only a general label for inadmissibility, however, this court is not inclined to dissect the affidavits and rule on the admissibility of eveiy averment whether or not it is relied upon by the court. Let it be noted, however, that this court does not rely upon any inadmissible averments in its decision.
Defendants also move for leave to file the affidavit of Daniel Ford. Said motion is denied as it is unnecessary to this decision.