Singh, J.
After eviction from his home of more than thirty years, defendant Frank Ganter (“Ganter”) appeals the trial judge’s finding in favor of plaintiff Perry Boudreau (“Boudreau”) for possession. We find no error and dismiss the appeal.
Ganter purchased his residence at 11 Valley Road in Dover in the late 1970s. In 1999, Boudreau purchased the property, but allowed Ganter to continue living there without the payment of rent. On March 20, 2006, Boudreau served Ganter with a notice to quit, requiring him to vacate the premises by May 1, 2006. Due to a pending Superior Court case challenging his title to the property, Boudreau did not pursue a summary process action against Ganter at that time. On February 28, 2007, the Superior Court resolved the title issue in favor of Boudreau. On December 24, 2007, Boudreau filed a summary process action against Ganter, alleging that Ganter failed to vacate after the 2006 notice to quit.
In his answer, Ganter contended that there was no landlord-tenant relationship between the parties. Moreover, he alleged that his 1999 conveyance of the property *175 to Boudreau was subject to an agreement between the parties whereby Boudreau was required to reconvey the property to Ganter. This allegation was put forward in the Superior Court action and rejected by that court. Nevertheless, because Ganter had appealed the Superior Court decision, he moved in the District Court for a stay of the summary process action, pending final adjudication of the Superior Court action by the Appeals Court. On January 8, 2008, over Boudreau’s objection, the District Court allowed the stay, conditioned upon Ganter making monthly use and occupancy payments of $1,750.00 into a court-approved escrow account.
Thereafter, the parties submitted an escrow agreement to the District Court for its approval. According to the agreement, the escrow funds were not to be disbursed until final resolution of the Superior Court matter on appeal. If Ganter prevailed, the moneys would be released to him; if Boudreau prevailed, the moneys would be released to him. The parties also agreed that, if Ganter failed to make the court-ordered monthly use and occupancy payments, the stay would be revoked and the summary process action would go forward. In that event, Ganter would be relieved of his obligation to make continuing use and occupancy payments into the escrow fund.
Pursuant to the District Court’s order and the escrow agreement, Ganter began making monthly payments into the escrow fund. Later in 2008, Ganter began to experience problems with the house on the property. The roof fell into disrepair and began leaking. Ganter spent approximately $5,000.00 to repair the roof and sustained approximately $2,000.00 in damage to furniture caused by the leaks. Ganter stopped making escrow payments in March, 2009. Pursuant to the parties’ escrow agreement, the summary process action resumed. Ganter did not amend his answer in any way or seek a further stay in light of the ongoing pendency of the Superior Court action on appeal.
At trial, Boudreau proceeded by way of stipulated documents that established his ownership of the property and service of a notice to quit upon Ganter. Ganter testified regarding his prior ownership of the property and his more recent payments into the escrow account. As Ganter began to testify with respect to problems with the roof, Boudreau objected on the ground of relevance, as the roof issues had occurred long after the notice to quit and even subsequent to the initiation of summary process proceedings. Boudreau maintained the objection as to all testimony and documents relating to the roof issue. The court overruled the objection and accepted the testimony and documents into evidence. After trial, the court found that Ganter was entitled to $7,000.00 relating to damages incurred due to the roof leak and repair. This amount was offset, however, by the $7,000.00 Ganter owed the escrow account. The court awarded possession to Boudreau.
On appeal, Ganter argues that the trial court erred by failing to apply the provisions of G.L.c. 239, §8A. He argues that the uncontradicted evidence at trial established that Boudreau had breached the warranty of habitability due to the roof leak issue. Having established the claim, he argues, he was entitled to be awarded damages for the diminution in value. He faults the court for failing to assess damages properly and in awarding possession to Boudreau, even though the court found that he owed nothing to Boudreau. All of these arguments are premised on the notion that Ganter was entitled to maintain a claim for breach of the warranty of habitability under G.L.c. 239, §8A In the circumstances of this case, he was not.
Section 8A of G.L.c. 239 allows a defendant, in an action “to recover possession of *176 any premises rented or leased for dwelling purposes,” to raise, “by defense or counterclaim,” claims against the plaintiff for breach of warranty, breach of a rental agreement, or violation of other law. Here, no such defense or counterclaim was raised at any time prior to trial. It was, therefore, waived. See Rule 3 of the Uniform Summary Process Rules (“The defendant shall also state in the answer any affirmative defense which may be asserted....”); Rule 5 of Uniform Summary Process Rules (“The right to counterclaim shall be deemed to be waived as to the pending action if such a claim is not filed with the answer pursuant to Rule 3....”). This is not a case where the issue was tried by implied consent of the parties. Cf. Graham v. Quincy Food Serv. Employees Ass ‘n & Hosp., Library & Pub. Employees Union, 407 Mass. 601, 615-616 (1990). To the contrary, at trial, when the issue was first raised, Boudreau objected and continued to resist all efforts to expand the scope of the trial beyond the issues raised in the pleadings. As the claim was waived, the trial court was warranted in rejecting it.
Moreover, had Ganter properly raised the claim prior to trial, the claim would have failed. Section 8A applies only to cases involving premises that are “rented or leased for dwelling purposes” (emphasis added). G.L.c. 239, §8A See Cummings v. Wajda, 325 Mass. 242, 243 (1950) (“Summary process is a purely statutory procedure and can be maintained only in the instances specifically provided for in the statute.”), cited in Fafard v. Lincoln Pharmacy of Milford, Inc., 439 Mass. 512, 515 (2003) (holding that plain language of G.L.c. 239, §8A forecloses counterclaims in commercial summary process actions because it applies only to premises that are rented or leased for dwelling purposes). The plain language of the statute indicates that section §8A defenses and counterclaims are not available in cases involving premises that are not rented or leased for dwelling purposes.[1]
The fact that Ganter did not rent or lease the premises from Boudreau is undisputed.[2] Although he admits that he never paid rent and that he was never asked to do so, Ganter contends that the District Courts order requiring him to make monthly payments into escrow effectively converted him into a tenant, Boudreau into his landlord, and the escrow payments into rent. This Division rejects that claim. Aland- *177 lord-tenant relationship is arrived at by agreement — it is a contract between the parties. See Jablonski v. Casey, 64 Mass. App. Ct. 744, 746 (2005). Here, Ganter made monthly payments into the escrow account as a result of a court order, as a condition of a stay requested by him and granted over the objection of Boudreau. The premises in which Ganter resided was not rented or leased. Therefore, G.L.c. 239, §8A defenses and counterclaims were not available to him. The judge committed no error in rejecting this claim.
Garner also contends that the trial court erred in awarding possession to Boudreau when the issue of Boudreau’s tide has yet to be decided by the Appeals Court. Ganter explicitly waived this issue by agreeing in the escrow agreement that the stay that had been in place would be revoked if he failed to continue to make escrow payments. Additionally, Ganter failed to request a further stay from the trial court during the summary process proceedings and, therefore, failed to preserve the issue for appeal. McNamara v. Corte-Real, 2009 Mass. App. Div. 215, 218, citing Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) (issue not raised or argued below may not be argued for first time on appeal). In any event, the decision to grant or deny a stay pending appeal is discretionary with the trial judge. See Spence v. Reeder, 382 Mass. 398, 422 (1981). Here, the issue of title had already been resolved in the Superior Court action. That Superior Court judgment has preclusive effect, regardless of the fact that it is on appeal. See O’Brien v. Hanover Ins. Co., 427 Mass. 194, 200-201 (1998) (noting that rule is particularly important in cases in which public policy favors prompt disposition). Under the circumstances, there was no abuse of discretion in the trial court’s denial of a stay.
Finally, Ganter argues that the trial court erred in requiring him to pay a $1,000.00 bond pursuant to G.L.c. 239, §5 to Boudreau pending this appeal. This issue was previously raised upon Ganteris appeal of the trial court’s bond ruling, and this Division affirmed the trial court by decision and order of August 19,2009. Ganter took no further appeal from that order and makes no argument justifying reconsideration of that order. We decline to do so.
Boudreau seeks sanctions and attorney’s fees. After hearing and upon review of the record, we decline to award sanctions or fees. The trial court judgment is affirmed.
So ordered.

 Summary process is available in a host of contexts, apart from the typical landlord-tenant scenario in which premises are rented or leased. See G.L.C. 239, §1. For example, after a foreclosure sale, a bank may use summary process to evict the former owners who fail to vacate of their own accord. In that situation, as is the case here, the foreclosing bank does not rent or lease the premises to the former homeowner and makes no warranties to them, impliedly or otherwise, regarding the condition of the premises. Indeed, it would be nonsensical to impose on a foreclosing bank liability for the condition of property that had, at all times, been in the sole control of the former homeowners. Similarly, in this case , Boudreau never rented or warranted the condition of the premises to Ganter. As such, Ganter may not maintain a claim for breach of warranty.

 Ganter’s answer was emphatic about the absence of a landlord-tenant relationship: “At no time was any tenancy between the plaintiff and defendant ever entered into.”; “At no time did the plaintiff require the defendant to pay any rent or payment for use and occupation.”; “[Tjhere never was a tenancy at will or any other tenancy established between the parties.”; “[A] tenancy at will... in fact never existed.”