CUMMINGS PROPERTIES, LLC *vs.* CEPOINT NETWORKS, LLC,
& another.[1]

No. 10-P-189.

Middlesex. October 13, 2010. - November 19, 2010.

Present: KAFKER, GREEN, & WOLOHOJIAN, JJ.

*Summary Process. Real Property,* Lease. *Contract,* Lease of real estate. *Practice, Civil,* Parties. *Guaranty. Statute,* Construction.

In a summary process action brought against a commercial lessee and a guarantor, judgment was correctly entered dismissing the guarantor, where G. L. c. 239, § 2, provides that a summary process action may be brought to pursue rent due only from a defendant who is in possession of the property in question, or at least in possession of the property at the time the suit commences [288-289]; and where the joinder of a guarantor in a summary process action under the Massachusetts Rules of Civil Procedure would be inconsistent with the statutory requirement that a defendant be in possession of the property, and would not be justified by judicial economy [290].

SUMMARY PROCESS. Complaint filed in the Woburn Division of the District Court Department on March 23, 2009.

The case was heard by *Phyllis J. Broker,* J.

*Joseph P. Mingolla* for the plaintiff.

KAFKER, J. The issue presented is whether a guarantor, with no right to possession, is a proper defendant in a summary process action. The Appellate Division of the District Court Department affirmed a judgment that dismissed such a guarantor from a summary process proceeding. We affirm.

*Background.* The facts are undisputed. In September, 2008, plaintiff Cummings Properties, LLC (Cummings), as lessor, and defendant Cepoint Networks, LLC (Cepoint), executed a five-year commercial lease (to begin October 1, 2008) for a portion of property located at 175-N New Boston Street, Woburn.

---

[1]Bernard Adama.

Defendant Bernard Adama signed the lease as an authorized representative of Cepoint. Adama also signed the lease as a guarantor, whereby he "personally and unconditionally guarantee[d] the prompt payment of rent by LESSEE and the performance by LESSEE of all obligations of this lease." Cummings and Cepoint agreed to a rent of $30,000 per year, to be paid in twelve monthly installments of $2,500. Cepoint subsequently failed to pay rent for the month of January, 2009, and Adama failed to satisfy Cepoint's rent obligation. In a letter dated January 21, 2009, Cummings notified Cepoint of its default and of Cummings's intent to seek unpaid rent for the remainder of the lease, in accordance with an acceleration clause in the lease, unless Cepoint cured its default within ten days. Cepoint did not pay the January rent or make any subsequent rent payments.

On March 23, 2009, Cummings filed a summary process action against Cepoint and Adama, as guarantor. Each defendant was served with a summons and a complaint. At trial in the Woburn Division of the District Court Department on April 9, 2009, Cepoint was defaulted, and judgment was entered for Cummings against Cepoint in the amount of $131,179.77. As to Adama, who proceeded pro se, the District Court judge sua sponte dismissed him from the case on the ground that he, as a guarantor, was not a proper party to a summary process action.

Cummings timely appealed the dismissal of Adama to the Appellate Division of the District Court Department. In a carefully considered decision, the Appellate Division affirmed the District Court ruling. This appeal followed.

*Discussion.* "Summary process is a purely statutory procedure and can be maintained only in the instances specifically provided for in the statute." *Fafard* v. *Lincoln Pharmacy of Milford, Inc.,* 439 Mass. 512, 515 (2003), quoting from *Cummings* v. *Wajda,* 325 Mass. 242, 243 (1950). General Laws c. 239, § 1, as amended through St. 1953, c. 106, particularly defines persons entitled to summary process as those who seek to recover possession:

> "[I]f the lessee of land or tenements or a person holding under him *holds possession* without right . . . or if a person has acquired title to land or tenements by purchase, and

the seller or any person holding under him *refuses to surrender possession . . .* or if a purchaser, under a written agreement to purchase, is in *possession of land* or tenements beyond the date of the agreement *. . . ,* the person entitled to the land or tenements may *recover possession* thereof under this chapter" (emphasis supplied).

Thus, by design, "[a] summary process action under G. L. c. 239 is an action to recover possession." *United Co.* v. *Meehan,* 47 Mass. App. Ct. 315, 319 (1999). See Daher & Chopp, Landlord and Tenant Law § 16:1, at 257-258 (3d ed. 2000).[2]

Cummings contends that because the statute provides for the recovery of rent as well as possession, then it follows that the guarantor of rent payments is a proper party in the summary process action. Under G. L. c. 239, § 2, as appearing in St. 2004, c. 252, § 17, plaintiffs may bring suit claiming "that the *defendant* is in possession of the land or tenements in question, . . . which he holds unlawfully against the right of the plaintiff, *and,* if rent and use and occupation is claimed, that the *defendant* owed rent and use and occupation in the amount stated" (emphasis supplied). The statute thereby allows a summary process action to pursue rent due, but it is rent due from a defendant who was in possession of the property in question, or at least in possession of the property at the time the suit commenced. See *Haddad* v. *Gonzalez,* 410 Mass. 855, 856 (1991); *Miskolczi* v. *Wilson,* 6 Mass. App. Ct. 861, 861 (1978); Daher & Chopp, *supra* at § 16:53, at 417. The statute is cast in conjunctive language: the defendant must both owe rent *and* be in possession. Had the Legislature intended G. L. c. 239 to allow a plaintiff to pursue summary process action for rent due from a guarantor, it could have included words to that effect. "We will not add words to a statute that the Legislature did not put there, either by inadvertent omission or by design." *Fafard, supra,* quoting from *Commonwealth* v. *McLeod,* 437 Mass. 286, 294 (2002).

[2]Although the statute has, at least in the residential context, undergone a substantial "metamorphosis . . . from the original unique proceeding which could allow adjudication of only the right of possession," *Mulvanity* v. *Pelletier,* 40 Mass. App. Ct. 106, 109 (1996), a claim for possession remains its sine qua non, see *Cummings, supra; United Co., supra.*

We also reject Cummings's argument that the Massachusetts Rules of Civil Procedure governing joinder authorize the claim against a guarantor in a summary process action. Because we conclude that the summary process statute requires that a defendant be in possession of the land, the Massachusetts Rules of Civil Procedure cannot allow joinder of parties with no such interest. See *ibid.* ("Because we conclude that the summary process statute precludes counterclaims in commercial actions, it is inappropriate to turn to the Massachusetts Rules of Civil Procedure"). As explained in rule 1 of the Uniform Summary Process Rules (2010), procedures "not prescribed by these rules shall be governed by the Massachusetts Rules of Civil Procedure insofar as the latter are not inconsistent with . . . applicable statutory law." Joinder of guarantors would be inconsistent with the statutory requirement that a defendant be in possession of the property.

Finally, we are not persuaded by Cummings's reliance on judicial economy to justify joinder of guarantors in summary process. A similar argument involving the allowance of counterclaims in commercial summary process actions was rejected by the Supreme Judicial Court. See *id.* at 516-517. In *Fafard*, the court, in response to the judicial economy argument, emphasized that it was up to the Legislature to change the statute, which did not allow for counterclaims in commercial summary process actions. See *ibid.* ("If the law is to be changed, the change can only be made by the Legislature"), quoting from *Commonwealth v. Jones*, 417 Mass. 661, 664 (1994).[3]

*Conclusion.* For the aforementioned reasons, we conclude that the Appellate Division correctly affirmed the dismissal of Cummings's summary process action against the guarantor,

---

[3]The Appellate Division decision stated: "It may be the case that a landlord can bring an action in summary process against the tenant, file an independent action against a guarantor of the tenant's obligation, and seek consolidation of the actions through Mass.R.Civ.P. 42." Furthermore, in dismissing a counterclaim from a commercial summary process action in *Fafard, supra* at 517, the Supreme Judicial Court declared: "The proper procedure for a defendant in such a situation is to file a separate claim, and move to consolidate the actions. *If appropriate*, the judge may then allow consolidation of the claims" (emphasis supplied). As the issue of consolidation is not before us, we need not and do not address whether such an action would be appropriate in this case.

Adama, because he was not a proper defendant in this summary process action.

*Decision and order of Appellate
Division affirmed.*