Defendant Lauren Hodges appeals from a summary process judgment awarding possession of certain residential premises to plaintiff Mikkel Thorup. We affirm.
Thorup owns and until 2013 lived in a small residence in Shutesbury. In that year Thorup relocated to and took up a teaching position in Denmark, his Shutesbury home remaining essentially vacant until early 2014.[2] In March, 2014, while temporarily in New York, Thorup met Hodges and the two "very quickly [became] very good friends." Hodges, an actor, told Thorup "she wanted to switch into screenplays, and she wanted a place to write" for a couple of months. Thorup offered to let Hodges stay in his Shutesbury home. Hodges accepted the offer and moved in. Hodges did not pay rent. Instead, Thorup paid Hodges a small stipend to look after the residence, paid the home's utilities and other expenses, and Thorup allowed Hodges to use his credit card (without reimbursement) and car.
Initially all was well but as Hodges's occupation extended past the parties' initially contemplated period disagreements arose and the parties' relationship soured, especially after Hodges learned that Thorup intended to marry another. In October, 2015, Thorup asked Hodges to vacate. Hodges, though upset, responded that she would move out as soon as "she had the funds" and that she would appreciate a loan from Thorup. The parties' negotiations were unsuccessful. Thorup sent Hodges a formal notice to quit on June 7, 2016.
Hodges did not vacate and, in June, 2016, Thorup filed this summary process action to recover possession from Hodges. Hodges vigorously defended, essentially, as relevant here, on the grounds that she was Thorup's tenant under an oral lease or other agreement; Thorup improperly and without sufficient notice terminated her tenancy; and that Thorup both breached various alleged promises and committed a number of torts. After trial a Housing Court judge ordered Hodges to vacate, finding in essence that the parties never entered into a lease or other similar agreement, that Hodges was at most a social guest whom Thorup could evict at any time. When Hodges still refused to vacate the judge entered an injunction and officers forcibly removed Hodges from the residence.
We are satisfied that the core questions raised below fall squarely within the Housing Court's subject matter jurisdiction. See G. L. c. 185C, § 3.[3] Nor are we persuaded that Thorup lacks standing to bring an action under summary process procedure. As Hodges observes, summary process is "a purely statutory procedure and can be maintained only in the instances specifically provided for in" G. L. c. 239, § 1. Cummings Props., LLC v. Cepoint Networks, LLC, 78 Mass. App. Ct. 287, 288 (2010), quoting Fafard v. Lincoln Pharmacy of Milford, Inc., 439 Mass. 512, 515 (2003). But this observation does not demonstrate that summary process procedure may not be used by an owner to recover possession when his social guest refuses to vacate. See G. L. c. 239, § 1 ("the person entitled to the land or tenements may recover possession"). Contrast Rental Prop. Mgmt. Servs. v. Hatcher, 479 Mass. 542, 546 (2018) ("Where, as here, the plaintiff is neither the owner nor the lessor of the property, the plaintiff has no standing to bring a summary process action" [emphasis added] ).
On the contrary, the "purpose of summary process is," as in the present case, "to enable the holder of the legal title to gain possession of premises wrongfully withheld." Wayne Inv. Corp. v. Abbott, 350 Mass. 775, 775 (1966). Otherwise stated, "a claim for possession remains [the] sine qua non" of § 1. Cummings, 78 Mass. App. Ct. at 289 n.2. See also and compare id. at 288-290 (landlord's claim in summary process action against tenant's guarantor to recover tenant's unpaid rent improper where guarantor was never in possession); United Co. v. Meehan, 47 Mass. App. Ct. 315, 319 (1999) (landlord could not maintain summary process claim against tenant's occasional visitor because removing "a guest or visitor of a tenant does not effect recovery of possession"); Mulvanity v. Pelletier, 40 Mass. App. Ct. 106, 107 (1995) (summary process action by grandson to evict grandmother who claimed oral promise of life estate). The judge found, and Hodges does not dispute, that Thorup owns the subject premises and that Hodges, initially with Thorup's permission, was in actual possession when Thorup commenced this action. The judge also found that Hodges wrongfully withheld possession after Thorup properly terminated her residency. Thorup's resort to summary process procedure in these circumstances was entirely proper.
In so ruling we are not unmindful that the judge described Hodges's residency as being under a "use license" and that § 1 does not specifically refer to either "licensors" or "licensees" -- or for that matter social hosts/guests -- as persons who may bring summary process actions. But, as noted above, these semantic differences are of little moment in the particular factual circumstances before us and where Thorup's claim is limited to one for "possession of premises wrongfully withheld." Wayne, 350 Mass. at 775. See and compare Cummings, 78 Mass. App. Ct. at 288-290 ; Meehan, 47 Mass. App. Ct. at 319 ; Mulvanity, 40 Mass. App. Ct. at 107. Moreover, we are compelled to reject Hodges's construction because, if for no other reason, if adopted it would tend to frustrate the significant public policy considerations undergirding statutes prohibiting or limiting the use of self-help measures to secure possession of real property. See G. L. c. 184, § 18.[4] See also Commonwealth v. Soto, 476 Mass. 436, 440-441 (2017) (rejecting "an interpretation of the statute" that would undermine "public safety policy ... to treat juvenile defendants charged with murder as adults").
Ratner v. Hogan, 251 Mass. 163 (1925), does not require a different result. Instead, Ratner stands only for the limited proposition that where the party seeking possession lacks good title, and where a jury properly could find on the evidence submitted that the plaintiff had no immediate right to possession because the jury could properly have found that there was no landlord-tenant relationship between the parties, the judge could not properly direct a verdict of possession in the plaintiff's favor. Ratner, 251 Mass. at 166. Here, by contrast, Hodges concedes that Thorup owns the premises; in addition, the judge found, in her capacity as fact finder following a full evidentiary trial, that Hodges wrongfully withheld possession from Thorup.
Turning to Hodges's remaining objections, and although we need not reach the question, we have no doubt that Hodges could properly, under G. L. c. 239, § 8A, have asserted counterclaims arising from her occupancy.[5] But, for the most part and to the extent we understand Hodges's counterclaims, those claims appear to arise from alleged conduct extraneous to her occupation and could not, in any event, have defeated Thorup's claim for possession. As such, those claims properly were disregarded. See Bank of Am., N.A. v. Rosa, 466 Mass. 613, 625 (2013) ("complaint must have some relationship to original and special function of Housing Court"), citing Ryan v. Kehoe, 408 Mass. 636, 640-641 (1990). Nor is it correct that the judge prohibited Hodges from asserting counterclaims. The record before us reflects that the judge allowed Hodges to both argue and testify, for example, that the parties had entered into an oral agreement either creating a tenancy or granting to Hodges some other property right indefeasible except on proper notice. While the judge specifically found that the parties entered into no such agreement, the judge's conclusion was based on well-supported findings, not a blanket conclusion that, as a "licensee," Hodges could raise no counterclaims. There was no error.
Assuming that Hodges preserved the question, "recusal is generally left to the discretion of the trial judge and an abuse of that discretion must be shown to reverse a decision not to allow recusal." Haddad v. Gonzalez, 410 Mass. 855, 862 (1991) (citations omitted). We find no indication on the record before us that the trial judge displayed any partiality or that the judge otherwise abused discretion by declining to recuse herself.
We are unable meaningfully to review Hodges's assertion that certain of the trial judge's findings are clearly erroneous because Hodges did not include in her appendix a complete trial transcript. Mass. R. A. P. 18 (a), as amended, 425 Mass. 1602 (1997). M.M. v. D.A., 79 Mass. App. Ct. 197, 207 (2011) (by failing to provide appellate court with complete transcripts, appellant cannot argue judge's finding is unsupported by evidence). In any event, and assuming that questions pertaining to possession remain live,[6] on close review of such materials as are before us we are satisfied that the judge's findings are well supported and cannot otherwise be deemed clearly erroneous.
While the docket reflects that Hodges filed multiple postjudgment notices of appeal, the only notice appearing in the record before us specifies that it is from "the judgment which entered against [Hodges] on December 16, 2016." In addition, we observe that for the most part Hodges raises no arguments addressing any of the postjudgment orders that might conceivably be the subject of any of her additional notices. Accordingly, with the single exception noted below, such matters are not before us. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975) ("The appellate court need not pass upon questions or issues not argued in the brief"). Mass. R. A. P. 18 (a) (duty of appellant to provide adequate appendix). Bayless v. TTS Trio Corp., 474 Mass. 215, 219 n.9 (2016).
In light of our conclusion that the judgment of possession will be affirmed, we need not address Hodges's argument that the injunction entered February 2, 2017, which resulted in Hodges's physical removal from the premises, was erroneously entered. To the extent we have not specifically commented, we have considered Hodges's remaining arguments and found them to be without merit.
Judgment affirmed.
Order entered February 2, 2017, affirmed.

Thorup paid a friend a small amount to check in on the home and ensure all was well.

Housing Court has concurrent jurisdiction over, among other things, actions brought "under the provisions of common law and of equity ... [concerning] the possession ... of any ... housing accommodations." G. L. c. 185C, § 3.

Prohibiting any "attempt to recover possession of land or tenements in any manner other than through" summary process procedure "or such other proceedings authorized by law." G. L. c. 184, § 18.

It has been established that G. L. c. 239, § 8A, permits, in at least some circumstances, a nontenant to raise affirmative claims in summary process proceedings. See Mulvanity, 40 Mass. App. Ct. at 109 ; Hodge v. Klug, 33 Mass. App. Ct. 746, 754 (1992) ("The insertion of occupant as an alternative to tenant [in § 8A ] causes the statute to be applicable to persons in place in a dwelling whose status may be less than a tenant -- otherwise there is no point in the language"). See also Bank of Am., N.A. v. Rosa, 466 Mass. 613, 623 (2013) (noting that, beyond authority granted Housing Court under § 8A, summary process actions are "civil actions" and that Housing Court's jurisdiction "is broad enough to include the power to consider equitable defenses under G. L. c. 231, § 31, ... in all summary process actions in which a plaintiff seeks to evict someone from a place of habitation").

As noted above and discussed in our order in Thorup v. Hodges, No. 17-P-0475 (Dec. 27, 2017), after judgment entered Hodges was removed from the subject premises and she no longer is in possession. See Tamber v. Desrochers, 45 Mass. App. Ct. 234, 235 (1998).